**NATIONAL SURETY CO. v. STATE ex rel. RICHARDS et al.**

No. 14790—Opinion Filed May 5, 1925.

Rehearing Denied Sept. 8, 1925.

1. **Officers—Liability on Bonds—Penalty for Illegal Disposal of Funds—Party Plaintiff.**

It is well settled that sureties on official

bonds are not liable for penalties prescribed in section 8590, Comp. St. 1921 (State ex rel. Schilling v. Oklahoma City et al., 67 Okla. 18, 168 Pac. 227; State ex rel. Morrison v. City of Muskogee et al., 70 Okla. 19, 172 Pac. 796); also that where recovery of a penalty prescribed by said section is sought, the action must be prosecuted in the name of the body politic to which the penalty is made payable by the statutes (Territory ex rel. Johnston, Co. Atty., et al. v. Woolsey et al., 35 Okla. 545, 130 Pac. 934; Chicago, R. I. & P. Ry. Co. v. State ex rel. Gleason, Co. Atty., 52 Okla. 614, 153 Pac. 625).

**2. Counties—Action Against Treasurer for Breach of Bond—Action by State as Use Party.**

Where a suit is brought in the name of the state for the use and benefit of the board of county commissioners against the county treasurer and the sureties upon his official bond, alleging, in effect, a breach of official duty by the treasurer amounting to a breach of a condition of his official bond, the action is not for penalties prescribed in section 8590, Comp. St. 1921, but is an action for loss to the county because of a breach of official duty and a breach of a condition of the official bond, and is properly brought in the name of the state for the use and benefit of the board of county commissioners.

**3. Same—Liability of Treasurer for Securities Unaccounted for—Sufficiency of Petition.**

Where, in a case so prosecuted, it is, in effect, alleged that the county treasurer had in his official hands securities purchased with sinking funds belonging to his county and that such treasurer failed and refused to surrender such securities to his successor in office or account for them in money, the petition states a cause of action in favor of the plaintiff and against the county treasurer and the surety on his official bond for the face value of such securities and accrued interest, according to the terms of such securities.

**4. Statutes—Sufficiency of Title—Act Providing for Sale of Securities Bought with Sinking Funds.**

Section 2 of chapter 207, Session Laws of 1919 (section 8573, Comp. St. 1921), is constitutional.

**5. Counties — Powers of County Treasurer as to Investment of Sinking Funds.**

Section 1 of chapter 207, Session Laws of 1919 (section 8573, Comp. St. 1921), authorizes the county treasurer to invest the sinking funds in his hands in the classes of securities named in the section; but no grant of power is therein given to the county treasurer to invest or exchange the securities so purchased by him.

**6. Same—Liability of Treasurer for Unaccounted for Securities Bought with School District Sinking Funds—State as Use Plaintiff.**

Sinking funds credited to a school district, in the hands of the county treasurer, is money belonging to the county, and where the same has been invested in securities by the treasurer, and such securities are unaccounted for by him, action for the value of such securities is properly brought in the name of the state upon relation of the board of county commissioners.

**7. Same—Limitation of Action.**

Where suit is brought against a county treasurer and the surety on his official bond for the value of securities unaccounted for by the county treasurer, the one year statute of limitations does not apply: but the action is upon a written contract—the surety bond—and the five year statute of limitations applies.

**8. Same—Evidence of Actual Value of Securities Inadmissible.**

Evidence of actual value, different from par or face value of the securities wrongfully disposed of, is inadmissible.

**9. Same—Liability on Treasurer's Bond — Recovery Sustained.**

Record examined; and held, to support the judgment of the trial court; and that the judgment should be modified and affirmed as modified.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Adair County; J. T. Parks, Judge.

Action by the State of Oklahoma ex rel. J. M. Richards, E. H. Whitmire, and Geo. E. Payne, Board of County Commissioners of Adair County, against W. W. Wright and National Surety Company, a corporation. Judgment for plaintiff. Defendant National Surety Company appeals. Defendant W. W. Wright cross-appeals. Modified and affirmed.

Wilson, Tomerlin & Threlkeld, for plaintiff in error National Surety Company.

Geo. F. Short. Atty. Gen., and M. W. McKenzie and V. P. Crowe, Asst. Attys. Gen., for defendant in error.

Opinion by SHACKELFORD, C. This is a suit prosecuted in the name of the state of Oklahoma upon the relation of the board of county commissioners of Adair county, against W. W. Wright, former treasurer of Adair county, and National Surety Company, surety upon the official bond of said treasurer.

The cause was filed in the district court of Adair county on January 20, 1923. The cause was tried upon an amended petition filed on the 14th day of March, 1923. It is alleged in the amended petition that defendant W. W. Wright was treasurer of Adair county from July, 1919, until in July, 1921, and that defendant National Surety Company became surety upon his official bond in the sum of $75,000; that said treasurer, in his official capacity, came into possession of $25,000 par value in U. S. Liberty Bonds, of cash value of $25,000, property of Adair county, which he failed and neglected to turn over and deliver to his successor in office, which failure constituted a breach of his official duty and a breach of a condition of his official bond, all to the loss of Adair county in the sum of $25,000, with 6% interest, for which judgment against the defendants is prayed. For the further and second cause of action it is alleged that said treasurer, in his official capacity, came into possession of $5,000 par value of Laverne city bonds, $10,200 par value of Wynona city bonds, and $8,000 par value of Ballard township bonds, all of the actual cash value of $23,200, and all the property of Adair county; and that said treasurer failed and refused to turn over and deliver to his successor in office the said bonds, to the county's loss in the sum of $23,200, with 6% interest; and that such failure and refusal constituted a breach of his official duty and of a condition of his official bond; and prays judgment against the defendants in the sum of $23,200 with 6% interest. Another cause of action was pleaded, but it seems a separate trial was had thereon, and this matter is not involved in this appeal. Copy of the treasurer's official bond is attached as an exhibit.

The defendants separately demurred to the plaintiff's petition. The grounds of demurrer are: (1) That plaintiff's petition does not state facts sufficient to constitute a cause of action in favor of plaintiff and against the defendants; (2) that plaintiff's petition shows upon its face that the action is barred by the statute of limitations; (3) that the action is not brought in the name of the proper parties plaintiff.

The demurrers were overruled and exceptions reserved. Thereafter the defendants answered separately, by general denial.

The cause was called for trial on the 27th of April, 1923. At the beginning of the trial the plaintiff tendered to the defendants any bonds for which the treasurer had exchanged the bonds referred to in the amended petition, and for the value of which the suit was brought. The cause was tried to a jury. At the close of plaintiff's evidence the defendants demurred thereto, and the demurrer was overruled and exceptions allowed. At the close of all the evidence and upon the announcement of rest by both parties, the defendants moved for a directed verdict, which was overruled and exceptions reserved; and the plaintiff moved for a directed verdict, which motion was sustained over the objection and exception of the defendants. The trial court directed the jury to return a verdict for plaintiff against the defendants for the face value of securities unaccounted for by the treasurer, with accumulated interest, amounting in the aggregate to $53,-278.41. Upon the directed verdict the trial court entered judgment for the said sum with interest at 6% per annum. It was further adjudged by the trial court that upon payment of the judgment the securities which the treasurer had received in exchange should be delivered to the defendants. The defendant National Surety Company prosecutes appeal; and the defendant W. W. Wright has filed a cross-appeal. The defendant National Surety Company presents assignments of error under the following propositions.

(1) The surety on an official bond of a treasurer is not liable for penalty prescribed by section 6777, Rev. Laws 1910, (sec. 8590, Comp. St. 1921).

(2) A suit for recovery of penalties under the above referred to section of the statute cannot be maintained in the name of the state, but should be brought in the name of the board of county commissioners.

(3) Section 2, chapter 207, Sess. Laws 1919 (sec. 8573, Comp. St. 1921), is unconstitutional.

(4) Section 1, chapter 207, Sess. Laws 1919 (sec. 8572, Comp. St. 1921), gives the treasurer discretionary power to exchange the securities in which he has invested sinking funds in his county, for other securities of the class named in said section.

(5) Suit on behalf of a school district cannot be brought by the state for the benefit of the board of county commissioners, but must be brought by the school district affected.

(6) The first cause of action is barred by the statute of limitations.

(7) Evidence of the actual value of the bonds disposed of is admissible.

The first, second, third, and fourth propositions here presented are similar to corresponding propositions presented in National Surety Company v. State et al., No. 14,-539, from Comanche county, this day decided,

(111 Okla. 180), where a similar case was under consideration. We here adopt as the opinion in the above styled cause from Comanche county, in so far as the court dealt with the said propositions, as what was said in that case is altogether applicable here.

The fifth proposition here presented is that suit on behalf of the school district cannot be brought by the state for the benefit of the county commissioners.

The evidence tends to show that there came into the hands of the treasurer $25,000 in U. S. bonds; $10,000 Wynona city bonds; $5,000 Laverne city bonds, and $8,000 Ballard township bonds which the treasurer had failed to turn over and account for, and which had been purchased with sinking funds belonging to the county; that of these amounts, $20,000 in Liberty Bonds, $8,000 in Wynona city bonds and $2,000 in Laverne city bonds had been purchased with sinking funds which had been credited to school districts of the county, not independent school districts; that there are 40 school districts in the county, and some 15 or 20 had sinking funds to their credit.

The question presented here is whether or not suit upon the relation of the board of county commissioners can be prosecuted for the value of bonds unaccounted for, purchased by the treasurer out of sinking funds held by the treasurer to the credit of school districts. The contention is made by the defendant surety company to the effect that each separate school district would be required to bring an action, if any action can be maintained, for the value of bonds bought by the county treasurer with sinking funds in his hands standing to the credit of the particular school district. We cannot agree with this contention. The treasurer, by virtue of his office, is the collector of the various classes of taxes to be collected, and becomes custodian of such tax money. Aside from the independent school districts, which are controlled by special statutes, this applies to sinking funds collected for and on behalf of school districts. When the money comes into the hands of the custodian, the school districts are not entitled to the specific money, and have no control over it. The school district is simply entitled to a credit upon the county's books, kept by its financial representative, the county treasurer; and the relationship thereafter as between the county and the school district is that of debtor and creditor; and the treasurer becomes not only the custodian and keeper for the debtor, but is also the disbursing officer, and it matters not what is done with the money by him, the credit remains. Could it be said that if the treasurer should embezzle all the money in his custody, that it would be important and necessary for every separate, inferior entity and organization within his county to come in and examine his books and find what amount stands to its credit and bring an action against the treasurer and his surety to recover the amount of such credit? This must be answered in the negative. Suppose, as sometimes happens, a taxpayer pays into the county treasurer too much taxes, and is entitled to a refund, and the amount has been determined and stands to the credit of the taxpayer, and the officer embezzles all the money, including the amount of the refund. Would such taxpayer be required to bring an action in the name of the state, upon his relation, against the surety, for the amount of his refund? Certainly not. If the state upon the relation of the county commissioners, brought action against the treasurer and his surety, could the surety interpose the objection that the amount of the refund could only be recovered by the taxpayer, and thereby lessen the amount of recovery by the amount of such refund? We think not. If the state, upon the relation of such taxpayer, should bring an action against the surety upon the bond, for his refund money, would it not be a sufficient answer upon the part of the surety to say that it had no dealings with the taxpayer— that he still has his credit against the county and his right of action against the county? We think it would be a sufficient answer. The various organizations within the county for whose benefit taxes are collected by the county treasurer, hold the same relation to the county that depositors hold to their bank. The money deposited loses its identity, and the bank becomes debtor to the depositor. Suppose the bank cashier embezzles all the funds. Then, must each separate depositor sue the cashier's surety to recover the money? He has no cause of action against the surety. Because the money is taken does not lessen his credit upon the books of the bank, and the surety upon the cashier's bond is not answerable to the individual depositor. Just so it is in the matter here under consideration. The county, through its county treasurer as receiving and disbursing officer, is the official banker and depository of the school districts. They have their credit with their banker, the county, presided over by the treasurer, but under the management of the

directors, the board of county commissioners, whose duty it is to see that the cashier, the treasurer, makes a good and sufficient bond, subject to their approval. Such cashier, the treasurer, and his surety, are answerable to the board of directors, the county commissioners. They are the bank's general managers, that is, the business managers for the county, and the treasurer and his surety are answerable to them for the county's money if he embezzles the money or exceeds his authority to the extent of making a breach of his official duty or a breach of the conditions of his official bond. The board of county commissioners cannot say, when the school money is gone, that they are not interested—that the school districts must bring action for the return of their money. Such is not the law. The school districts are not required to sue—have no right of action against the surety upon the treasurer's bond. They had no dealings with it. No privity of contract existed between them and such surety. The surety is given for the benefit of all the funds of the county, and the privity of contract is between it and the county, represented by the board of county commissioners. When any of the taxes are improperly disposed of, regardless of what municipality or organization such money belongs to, it becomes the official duty of the board of county commissioners to move against the treasurer and his official bond, unless some special statute controls the peculiar condition which arises. If it is school money which is missing, it is the loss of the county, for the school district still has its credit with the county, and such credit cannot be wiped out except upon warrants or checks drawn by its officers, and the county is answerable to the school district; and, likewise, the treasurer and his surety are answerable to the county. It seems that nothing could be plainer. It follows that the several school districts have no right of action to recover the value of the bonds as against the treasurer and his surety. Also, that the injury done, if any, is to the county, represented by the board of county commissioners. The statute makes the surety bond run to the state, but the bond given by the treasurer of Adair county is for the benefit of Adair county, and is given under the supervision of and approved by the board of county commissioners of Adair county, and a breach of the conditions of the bond constituted an injury to Adair county, and action on the bond is properly brought in the name of the state upon relation of the board of county commissioners. or for the use and benefit of the board of county commissioners.

The contention made by the defendant surety company under its fifth proposition cannot be maintained.

The sixth proposition is that the first cause of action is barred by the statute of limitations. The cause was filed on January 20, 1923. The petition shows that the first cause of action accrued on the 2nd of February, 1921. We have seen that the action is not for a penalty prescribed by section 8590, Comp. St. 1921 (section 6777, Rev. Laws 1910), but is a suit upon the surety bond for a breach thereof. The one year statute has no application, and the statute applicable is the five year statute; and the action was brought within less than five years after the cause of action accrued.

The seventh proposition is that evidence of the actual value of the bonds converted by the treasurer should have been received. The defendants offered to prove that the bonds converted were worth something less than par value. Section 8573, Comp. St. 1921, prohibits disposition of the bonds for less than par value and accrued interest. We think that when the bonds are disposed of by the treasurer in excess of his statutory authority, and which action constitutes a breach of his official duty and a breach of a condition of his official bond, that the county is entitled to recover the face value of the bonds, with interest accrued. Evidence of less actual value than the face value of the bonds was not competent, and was properly excluded.

The directions given by the trial court to the jury to return a verdict in favor of the plaintiff and against the defendants for the par value of the bonds, with interest accrued thereon, was proper. Such direction is supported by the law and the evidence, and the judgment of the trial court upon the directed verdict is supported by the law and the evidence.

It appears, however, that the trial court entered judgment in favor of the plaintiff and against the defendants for the aggregate amount of $52,371.29, and provided that such sum should bear interest at 6% per annum from the date of the rendition of the judgment. It appears from an examination of the record, that such aggregate sum is made up of the following items: $24,-915.91 from securities which bear interest at 6% per annum; $16 331.25 from securities which bear interest at 3¾% per annum; and $11,124.13 from securities which bear interest at 4¾% per annum. The judgment for interest should follow the interest rate fixed by the terms of the securities. It is

conceded by the Attorney General that the judgment for interest should be made to conform to the terms of the securities involved. The judgment of the trial court should be modified to provide that the item of $24,915.91 shall bear interest at the rate of 6% per annum; that the item of $16,-331.25 shall bear interest at the rate of 3¾% per annum; and that the item of $11-124.13 shall bear interest at the rate of 4¾% per annum; all from the day on which the judgment was rendered.

We recommend that the judgment of the trial court be so modified, and affirmed as modified.

By the Court : It is so ordered.

Note.—See under (1) 15 C. J. p. 518 (1926 Anno); 29 Cyc. p. 1455. (2) 15 C. J. p. 526. (3) 15 C. J. p. 527. (4) 36 Cyc. p. 1042. (5) 15 C. J. p. 512 (1926 Anno. (6) 15 C. J. p. 526. (7) 15 C. J. p. 525. (8) 15 C. J. p. 529 (1926 Anno).