**STATE, for Use of Board of Com'rs of Osage County, v. McCURDY et al.**

No. 13972—Opinion Filed May 5, 1925.

Rehearing Denied Dec. 1, 1925.

**1. Counties—Action Against Treasurer for Breach of Bond—Action by State as Use Party.**

Action against the treasurer of Osage county, and sureties upon his official bond based upon a breach of official duty amounting to a breach of a condition of his official bond, is properly brought in the name of the state, for the use and benefit of the board of county commissioners of Osage county.

**2. Same—Liability of Treasurer Failing to Turn Over Securities to Successor—Sufficiency of Petition.**

Where, in a case so prosecuted, it is, in effect, alleged that the county treasurer had in his official hands securities purchased with sinking funds belonging to his county, and that such treasurer failed and refused to surrender such securities to his successor in office, or account for them in money, the petition states a cause of action in favor of the plaintiff and against the county treasurer and the sureties on his official bond for the face value of such securities and accrued interest according to the terms of such securities.

**3. Same—Defense—Void Order of County Commissioners for Exchange of Securities.**

An order of the board of county commissioners directing the treasurer to exchange securities in his hands purchased with sinking funds belonging to the county, is unauthorized, and null and void, and furnishes no protection or defense to the treasurer or the sureties on his official bond against a suit brought against said parties for the value of the bonds exchanged by the treasurer.

**4. Pleading—Sufficiency of Petition on Demurrer.**

A demurrer to plaintiff's petition upon the ground that the petition does not state facts sufficient to constitute a cause of action, searches the petition to determine whether the allegations therein contained entitle the plaintiff to any relief.

**5. Officers — Liabilities on Bonds—Illegal Disposal of Funds — Penalties — Party Plaintiff.**

It is well settled that sureties on official bonds are not liable for penalties prescribed in section 8590, Comp. St. 1921 (State ex rel. Schilling v. Oklahoma City et al., 67 Okla. 18, 168 Pac. 227; State ex rel. Morrison v. City of Muskogee et al., 70 Okla. 19, 172 Pac. 796); also that where recovery of a penalty prescribed by said section is sought, the action must be prosecuted in the name of the body politic to which the penalty is made payable by the statutes (Territory ex rel. Johnston, Co. Atty., et al. v. Woolsey et al., 35 Okla. 545, 130 Pac. 935; Chicago, R. I. & P. Ry. Co. v. State ex rel. Gleason, Co. Atty., 52 Okla. 614, 153 Pac. 625.)

**6. Counties — Action on Treasurer's Bond for Value of Securities Unaccounted for—Limitations.**

Where suit is brought against a county

treasurer and the sureties on his official bond for the value of securities unaccounted for by the county treasurer, the one year statute of limitations does not apply; but the action is upon a written contract—the surety bond —and the five year statute of limitations applies.

**7. Statutes—Sufficiency of Title—Act Providing for Sale of Securities Bought with Sinking Fund.**

Section 2 of chapter 207, Session Laws of 1919 (section 8573, Comp. St. 1921), is constitutional.

**8. Counties—Powers of County Treasurer as to Investment of Sinking Funds.**

Section 1 of chapter 207, Session Laws of 1919 (section 8572, Comp. St. 1921), authorizes the county treasurer to invest sinking funds in his hands in the classes of securities named in the section; but no grant of power is therein given to the county treasurer to invest or exchange the securities so purchased by him.

**9. Same—Liability on Treasurer's Bond.**

Record examined; and held, that the judgment of the trial court should be reversed, with directions.

(Syllabus by Shackelford, C.)

Commisioners' Opinion, Division No. 4.

Error from District Court, Osage County; Chas. B. Wilson, Jr., Judge.

Action by the State of Oklahoma, for the use and benefit of the Board of County Commissioners of Osage County, against E. J. McCurdy, the American Surety Company, and the Maryland Casualty Company. Judgment for defendants on demurrer to plaintiff's petition. Plaintiff appeals. Reversed and remanded, with directions.

Geo. F. Short, Atty. Gen., and M. W. McKenzie and V. P. Crowe, Asst. Attys. Gen., for plaintiff in error.

Wilson, Murphy & Duncan and C. S. MacDonald, for defendant in error E. J. McCurdy.

Wilson, Tomerlin & Threlkeld, for defendant in error American Surety Company.

Ross & Thurman, for defendant in error Maryland Casualty Company.

Opinion by SHACKELFORD, C. This is a suit brought in the name of the state, for the use and benefit of the board of county commissioners of Osage county, against E. J. McCurdy, former treasurer of Osage county, and the American Surety Company and the Maryland Casualty Company, sureties on the treasurer's official bond. The suit was filed in the district court of Osage county on the 24th of May, 1922, and the petition contains five alleged causes of action. In the first cause of action it is, in substance and effect, alleged, that E. J. McCurdy was the treasurer of Osage county from in July, 1919, to in July, 1921, and was required to give a bond in the sum of $75,000, and that the defendant American Surety Company of New York became surety upon his official bond in the sum of $37,500, and the Maryland Casualty Company of Baltimore, Md., became surety upon his official bond in the sum of $37,500, and attaches copies of the official bonds as exhibits to the petition; that on and prior to the 21st day of April, 1920, the said treasurer had in his hands, as property of Osage county, $35,950 in Liberty Bonds of actual value in said sum, and which had been purchased with county sinking funds, and attaches a list of the said bonds; that on said date the said treasurer, without authority of law, disposed of said Liberty Bonds and failed and refused to deliver them to his successor in office; that such disposition of said bonds and the failure to deliver them to his successor, constituted a breach of his official duty and of a condition of his official bonds. The prayer is for double the value of said bonds. The second cause of action is the same as the first, except the date of the disposition of the bonds is alleged to be June 23, 1920, and the bonds involved were $350 in Liberty Bonds. The prayer is for double the value of the bonds. The third cause of action is the same as the first and second, except the date of exchange is alleged to be August 10, 1920, and the bonds involved were Liberty Bonds of the value of $35,000; and the exchange was made by the county treasurer upon an unlawful and unwarranted recommendation of the board of county commissioners of Osage county, and were exchanged for bonds of the town of Beggs. The prayer is for judgment for double the value of the bonds so exchanged. The fourth cause of action is the same as the first and second, except that the bonds involved are $5,000 board of education of the city of Alva bonds; $10,000 Tulsa incinerator plant bonds, and $20,000 city of Henryetta bonds, and the date of disposition of the bonds was August 24, 1920. The prayer is for double the value of the bonds exchanged. The fifth cause of action is the same as the third, except that the amount of the bonds involved was $6,600 in Liberty Bonds, and the date of disposition of the bonds was January 19, 1921. The prayer is for double the value of the bonds. The total amount disposed of and unaccounted for is $112,700, and the final prayer is for judg-

ment for double the amount, and a general prayer for proper relief. Lists of the bonds referred to in the pleading are attached as exhibits.

The defendants filed separate demurrers upon several grounds: (1) That the petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants; (2) two causes of action are improperly joined; (3) there is a misjoinder of parties defendant; (4) the suit is not brought in the name of the real party in interest; and (5) the action is barred by the statute of limitations.

The trial court sustained the several separate demurrers generally upon the grounds stated therein. The plaintiff excepted to the ruling of the court upon the demurrers, and elected to stand upon the petition, and declined to plead further, and the trial court entered an order and judgment dismissing the plaintiff's petition with prejudice. From the order and judgment sustaining the demurrers, and dismissing the petition the plaintiff prosecutes appeal, and the cause is here for review upon a transcript of the record. The assignment of error presented is that the court erred in sustaining the demurrers and dismissing the petition. This cause was consolidated with No. 14790, National Surety Company v. State ex rel. Board of County Commissioners of Adair County, 111 Okla. 185, 239 Pac. 262, for the purpose of oral argument and consideration of briefs, and the two cases, together with No. 14539, National Surety Company v. State et al., from Comanche county, 111 Okla. 180, 239 Pac. 257, were all presented together in the oral argument. In the other cases, companion cases with the one here under consideration, it was, in effect, held that while the county treasurer in charge of sinking funds of his county has authority, under section 8572, Comp. St. 1921 (sec. 1, chap. 207, Sess. Laws 1910), to invest the sinking funds in his hands in the classes of securities named in said section, his authority is limited to the original investment; and where the said treasurer exchanges securities originally purchased, for other securities, he exceeds his statutory authority, and the failure to account for and turn over to his successor in office the original securities bought by him, and does not account for the same in money, constitutes a breach of his official duty, and a breach of a condition of his official bond; and cause of action accrues against the treasurer and the sureties on his official bond for the value of the securities originally purchased; and that such action is properly prosecuted in the name of the

state for the use and benefit, or upon the relation, of the board of county commissioners. Based upon the conclusions reached in those two cases, we conclude here that when the state, for the use and benefit of the board of county commissioners of Osage county, in its petition, alleged, in substance and effect, that E. J. McCurdy, treasurer of Osage county, had in his hands as county treasurer certain securities purchased with sinking funds of the county, and that he failed to account for or turn said securities over to his successor in office, a cause of action is stated in favor of the plaintiff and against the county treasurer and the sureties on his official bond for the face value of the securities, and accrued interest. In all the plaintiff's causes of action these facts are substantially alleged. In the third and fifth causes of action it is alleged that the treasurer made exchanges of certain of the U. S. bonds upon an unlawful and unwarranted recommendation of the board of county commissioners of Osage county. If there is a statutory grant of power to the board of county commissioners empowering it to authorize the treasurer to exchange and traffic in securities purchased by the treasurer out of the county's sinking funds, then the recommendation of the county commissioners is not unlawful and not unwarranted, and such recommendation should protect the treasurer and the sureties on his official bond, in making the exchange. If there is no such statutory grant of power, the recommendation made by the board of county commissioners is a nullity, and affords no protection to either the treasurer or his sureties. Prior to the legislative act of the session of 1919 (chap. 207, Sess. Laws 1919), it seems that no grant of power had been given to any officer to pass title to securities purchased out of moneys belonging to the sinking fund. Whatever statutory authority there is for passing title to such securities must be found in section 2 of the act of 1919 (section 8573, Comp. St. 1921). The section reads:

"The Governor of the state of Oklahoma, the mayor and common council of the city commissioners of any city, the board of county commissioners of any county, the board of trustees of any township, town, school district, or the board of education of any city or other school district within the state of Oklahoma when deemed by them to be to the best interest, is hereby authorized and empowered to sell any or all of the securities purchased in accordance with the provisions of section 1 hereof, at anytime it may be to the interest of the respective municipalities so to do; provided in no event shall any of such securities be sold for less than par and accrued interest."

It is plain that this statute authorizes the board of county commissioners to sell the securities purchased with sinking funds. They are the general business managers for the county, and a sale by them of the securities would pass title. There is not even a suggestion in the act that the Legislature intended to authorize the board of county commissioners to exchange and traffic in such securities. It seems to us that the proviso attached to the section negatives any idea of exchanging one kind of securities for another. It is evident that the Legislature used the word "sell' in its simple, plain, and ordinarily used sense of converting into money. The board of county commissioners were authorized to sell the par dollar in securities for 100 cents in coin of the realm. Exchanging one class of securities for another could not constitute such a sale. When the board of county commissioners had no power to make exchanges, it is certain it had no power to authorize the county treasurer to perform the transaction which it could not do itself. Therefore, the recommendation made by the board of county commissioners was a mere idle act, unauthorized, futile, and void, and could not serve the purpose of protecting the treasurer or the sureties on his official bond in making exchanges of securities. The recommendation of the board of county commissioners in the matter is in no sense a defense against the claim of the state for the value of the bonds exchanged.

The allegations made in each of the five separate causes of action state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants for the value of the securities exchanged by the county treasurer, limited, however, by the amount fixed in the surety bonds, as against the sureties on the official bond of the treasurer.

The objections to the petition pointed out is that in the prayer the plaintiff seeks judgment in double the value of the bonds disposed of and unaccounted for. The prayer is not the part of the petition which controls. The demurrer upon the general ground that the petition does not state facts sufficient to constitute a cause of action requires an examination of the allegations of the petition to determine whether the plaintiff is entitled to any relief. The pleader shall set out in the prayer and ask for the relief to which he supposes himself entitled. Section 265, Comp. St. 1921. The pleader might be mistaken as to what relief the allegations of the petition entitle him. Upon the demurrer the question is not whether the plaintiff is entitled to the relief asked in the prayer, but

is he entitled to any relief upon his allegations? This is substantially what was held in Jackson v. Levy, 75 Okla. 256, 183 Pac. 505; Burford et ux. v. Territorial Land Co. et al., 84 Okla. 102, 204 Pac. 274; and Bynum v. Strain, Bank Com'r, 95 Okla. 45, 218 Pac. 883. The rule announced seems to be the universal rule. In this case we think the plaintiff was mistaken as to the relief which the allegations of the various causes of action would entitle it to, in so far as the relief prayed is double the value of the securities converted and unaccounted for. The relief to which the plaintiff is entitled under the allegations of the various causes of action is not double the value of the securities disposed of, but is the face value of such securities, with accrued interest.

The contentions of the defendants, as presented in their briefs, are: (1) The several causes of action are for penalties prescribed by section 8590, Comp. St. 1921; (2) recovery of such penalties can only be had in a suit brought by the board of county commissioners; and cannot be maintained against the surety on the official bond of the treasurer: (3) the several causes of action are barred by the one year statute of limitations; (4) section 2 of chapter 207, Sess. Laws 1919 (sec. 8573, Comp. St. 1921), relating to investment of sinking funds, is unconstitutional and inoperative; (5) section 1 of chapter 207, Sess. Laws 1919 (sec. 8572, Comp. St. 1921), gives the treasurer discretionary power to invest sinking funds in his hands, and also to invest the securities purchased with sinking funds.

The same contentions were presented in No. 14539, National Surety Company v. State et al., from Comanche county, and 14790, National Surety Company v. State et al., from Adair county, this day decided; and in those cases considered and decided adversely to the contentions made. We adopt what is said in the opinions in those cases upon the above stated contentions, as the opinion in this case.

We conclude that the order and judgment of the trial court sustaining the demurrers of the defendants to the plaintiff's petition and the several causes of action pleaded therein, and dismissing the petition with prejudice, is erroneous. We think the action is properly brought in the name of the state for the use and benefit of the board of county commissioners of Osage county; and that each of the five causes of action pleaded states facts sufficient to constitute a cause of action against the defendants for the face value of the securities disposed of by the county treasurer and unaccounted for by him.

and accrued interest thereon, at the rate of interest provided in the securities themselves, with the limit of liability of the sureties being the amount of the surety bonds executed and sued upon.

We recommend that the judgment appealed from be reversed and remanded to the district court of Osage county, with directions to vacate the order and judgment sustaining the demurrers and dismissing the petition, and to reinstate the plaintiff's petition and overrule the several demurrers, and conduct further proceedings in a manner not inconsistent with this opinion.

By the Court: It is so ordered.

Note.—See under (1) 15 C. J. p. 526. (2) 15 C. J. p. 527. (3) 15 C. J. p. 527 (1926 Anno). (4) 31 Cyc. p. 322. (5) 15 C. J. p. 518 (1926 Anno); 29 Cyc. p. 1455. (6) 15 C. J. p. 525. (7) 36 Cyc. p. 1042. (8) 15 C. J. p. 512 (1926 Anno).