[Civil No. 2626.  Filed July 11, 1927.]

[257 Pac. 985.]

GEORGE JARVIS, Treasurer of the County of Apache, State of Arizona, Who Sues for the Use and Benefit of the County of Apache, State of Arizona, Appellant, v. A. T. HAMMONS, State Superintendent of Banks Acting as Receiver of the Bank of Winslow of Winslow, Arizona, an Insolvent Banking Corporation, Appellee.

Mr. Levi S. Udall, County Attorney, and Mr. Maurice Barth, and Mr. Isaac Barth, Special Counsel, for Appellant.

Messrs. Sapp & McLaughlin, for Appellee.

LOCKWOOD, J.—Appellant in the above-entitled action has presented a petition for rehearing wherein he urges that the court erred in holding the registered warrants of the various school districts of Apache county were not an indebtedness of the county rather than the districts. He also requests that we make more definite and certain our holding in regard to the character of the moneys held by the county treasurer to the credit of the various school districts, claiming that the conclusion may be, and in one case has already been drawn from our opinion that they are not public moneys of Apache county.

On examining the question more carefully, we have come to the conclusion that we erred in holding that the registered warrants of the school districts of Apache county are not an indebtedness or obligation of the county. As was said in the case of *National Surety Co.* v. *Richards,* 111 Okl. 185, 239 Pac. 262, under statutes which are to a great extent like ours in their effect:

"The treasurer, by virtue of his office, is the collector of the various classes of taxes to be collected, and becomes custodian of such tax money. . . . When the money comes into the hands of the custodian, the school districts are not entitled to the specific money, and have no control over it. The school district is

simply entitled to a credit upon the county's books, kept by its financial representative, the county treasurer; and the relationship thereafter as between the county and the school district is that of debtor and creditor; and the treasurer becomes not only the custodian and keeper for the debtor, but is also the disbursing officer, and it matters not what is done with the money by him, the credit remains. . . .

"The various organizations within the county for whose benefit taxes are collected by the county treasurer, hold the same relation to the county that depositors hold to their bank. The money deposited loses its identity, and the bank becomes debtor to the depositor. . . . The county, through its county treasurer as receiving and disbursing officer, is the official banker and depository of the school districts. They have their credit with their banker, the county, presided over by the treasurer. . . . Such cashier, the treasurer, and his surety, are answerable to the board of directors, the county commissioners. . . . When any of the taxes are improperly disposed of. . . . If it is school money which is missing, it is the loss of the county, . . . and such credit cannot be wiped out except upon warrants or checks drawn by its officers, and the county is answerable to the school district; and likewise, the treasurer and his surety are answerable to the county."

The county and the school districts, according to the doctrine of the case above cited, occupy respectively the position of banker and depositor, and, so far as the moneys raised for district purposes and reaching the hands of the treasurer are concerned, the relationship is that of debtor and creditor. The original indebtedness upon which a school warrant is based is of course that of the district, and as we said in our previous opinion, any action to enforce such indebtedness would be brought against the district and not the county. When, however, the district issues a warrant in payment of the indebtedness, directed to the county treasurer, and such warrant is presented to the latter and by him

registered, we think the indebtedness is no longer that of the district. While it is considered in some states that the giving of a check is an assignment *pro tanto* of the drawer's deposit so as to give the holder a right of action against the bank if payment is improperly refused, the more generally accepted view, and that followed in Arizona, is that the bank owes no duty to the holder of a check in respect to the payment thereof, and its refusal to pay gives the holder no right of action against the bank. *Satterwhite* v. *Melczer*, 3 Ariz. 162, 24 Pac. 184. When, however, the bank certifies a check presented to it, it enters into an absolute undertaking to pay the check when it is presented, and the bank then becomes indebted to the holder of the check, who may maintain an action against it for failure to pay on presentation. *Jackson Paper Mfg. Co.* v. *Com. Nat. Bank,* 199 Ill. 151, 93 Am. St. Rep. 113, 59 L. R. A. 657, 65 N. E. 136; *Robinett* v. *Bank of Willow Springs,* 178 Mo. App. 422, 163 S. W. 248.

Whether or not an unregistered warrant of a school district is in the same condition as an uncertified check drawn on a bank we need not for the purposes of this case determine, but we have no doubt that when the warrant has been presented to the county treasurer and is by him registered, it then becomes an agreement of the county to charge to the account of the school district the amount of the warrant and to pay it in the order of its registration, when funds are available to the credit of the district.

It appears from the record herein that the warrants in question were at the time this suit was brought duly registered with the county treasurer of Apache county. Such being the case, they were as much obligations of the county as warrants issued against its general funds, and may be used as a setoff against the county deposits in the same manner. It follows necessarily that if the relationship between

the county and the school districts in regard to taxes collected and held by the former for the latter is that of debtor and creditor, the moneys so held are at all times until actually paid out on school warrants public moneys of Apache county.

The order dismissing the complaint is set aside, and the cause is remanded to the superior court of Navajo county, with instructions to proceed with a hearing on the merits in accordance with the views expressed herein.

ROSS, C. J., and McALISTER, J., concur.