**STATE ex rel. DABNEY, Atty. Gen., for Use and Benefit of STONE, v. WESTBROOK et al.**

No. 19857. Opinion Filed May 19, 1931.

Rehearing Denied June 9, 1931.

McKeown & Green, for plaintiffs in error.

Tomerlin & Chandler, Troy Shelton, and J. F. McKeel, for defendants in error.

HEFNER, J. On May 17, 1921, the city of Ada issued certain warrants to I. E. Hansen in payment for the construction of city sewers. These warrants were subsequently sold by him to Waterloo Bank & Trust Company of Waterloo, Iowa. The warrants were made payable to the county treasurer. James W. Westbrook, one of the defendants herein, was, at the time, county treasurer. As payments on the warrants became due, the owners of the property liable paid the same to the county treasurer, who instead of paying the money as collected to the holders of the warrants as provided by section 4407, C. O. S. 1921, paid the same to the commissioner of finance and accounting of the city of Ada. The bank, holder of the warrants, failed, and L. O. Stone has been placed in the charge of its assets as trustee. The warrants were presented for payment by the trustee to the county treasurer and payment by him refused for want of funds. The trustee then brought this suit against the then county treasurer, Westbrook, and American Surety Company of New York, the surety on his bond, to recover the amount collected.

The first petition was filed by L. O. Stone, trustee, November 10, 1927, and on December 10th the petition was amended by making the state on the relation of the Attorney General a party plaintiff, and the action was thereafter prosecuted in the name of the state for the use and benefit of L. O. Stone, trustee. The collections were made by Westbrook between May 16, 1923, and December 29, 1924. The defendants pleaded the statute of limitations. The trial court sustained their plea and entered judgment in their favor.

Defendants contend that the action is one to recover for an injury not arising on contract and that the two-year statute of limitations, subdivision 3, section 185, C. O. S. 1921, is the controlling statute. We do not agree with this contention. In the case of Bd. of Com'rs of Osage County v. McCurdy, 115 Okla. 111, 241 Pac. 816, this court announced the following rule:

"Where suit is brought against a county treasurer and the sureties on his official bond for the value of securities unaccounted for by the county treasurer, the one-year statute of limitations does not apply; but the action is upon a written contract—the surety bond—and the five-year statute of limitations applies."

To the same effect is the case of Nat. Surety Co. v. Richards, 111 Okla. 185, 239 Pac. 262. Under these authorities, plaintiff's cause of action is not barred.

Judgment is reversed, and the cause is remanded for a new trial.

CLARK, V. C. J., and RILEY, CULLISON, ANDREWS, and KORNEGAY, JJ., concur. LESTER, C. J., and SWINDALL, and McNEILL, JJ., absent.