## SCHOOL DIST. NO. 44 v. BOARD OF COUNTY COM'RS OF ELLIS COUNTY ex rel.

No. 30152.   Dec. 16, 1941.

Rehearing Denied Jan. 20, 1942.

*120 P. 2d 975.*

C. B. Leedy, of Arnett, for plaintiff in error.

O. E. Enfield, County Atty., and L. H. Clark, both of Arnett, for defendant in error.

RILEY, J. This action was commenced by the board of county commissioners of Ellis county ex rel. D. B. Mann, county treasurer of Ellis county, herein referred to as plaintiff, against school district No. 44 of Ellis county, herein referred to as defendant, to recover judgment on a warrant for $729.45, issued by said defendant June 29, 1933, payable to school district No. 39 of said county. The warrant was registered June 30, 1933, by the county treasurer and endorsed "Funds not available to pay same."

The petition, after setting out the issuance of said warrant, alleged:

"That the plaintiff is the owner and holder of said warrant in due course of business, De Leo McNeely, the then acting county treasurer, by authority of law having purchased said warrant as a sinking fund investment out of the sinking funds of said county. That said warrant was issued in all respects according to law and within the approved estimate approved by the excise board of Ellis county, Oklahoma, for the fiscal year ending June 30th, 1933, and is a legal charge against said defendants."

A copy of the warrant, with its endorsements, is attached to the petition and made a part thereof.

Defendant demurred to the petition upon the grounds: (1) That plaintiff had no legal capacity to sue in this action, (2) that there is a defect of parties plaintiff and defendant, and (3) the petition fails to state facts sufficient to constitute a cause of action in favor of plaintiff and against defendant, and that there is a fatal variance between the petition and the exhibit, and that

the court was without jurisdiction of the subject of the action. The demurrer was overruled and defendant filed its answer by general denial, admitting the corporate existence of defendant. It then alleged that plaintiff was not and never had been the owner of the warrant, and then alleged the facts to be that said warrant was duly and regularly issued by defendant, payable to school district No. 39, in payment of transfer fees for pupils transferred to district No. 39, for the fiscal year 1932-33; that school district No. 39 was, and at all times since its issue had been, the lawful owner of said warrant, and that said warrant was never sold to Ellis county, had never been the property of said county, and that plaintiff never had any interest in or ownership of said warrant; that school district No. 39 was at all times mentioned an existing corporation capable of suing and was the only proper party to maintain an action on said warrant.

Thereupon plaintiffs filed reply wherein they admitted:

". . . That there is a mistake in the petition in stating the manner by which De Leo McNeely, as county treasurer of said Ellis county, became the owner and holder of the said warrant sued upon; said mistake being an accidental mistake of the scrivener."

The reply then alleged:

"That said warrant was received by said county treasurer from the treasurer of said school district No. 39, as a part of the assets of said school district No. 39 sinking fund, when said school district ceased to employ a treasurer and empowered the county treasurer, as such officer of said Ellis county, to receive and disburse the funds of said school district No. 39.

"That said county treasurer upon receipt of said funds and warrants became the custodian and owner in his official capacity as county treasurer, and they thereby became Ellis county funds and warrants for the purpose of collection and disbursement, and said D. B. Mann, as present county treasurer and holder of said warrant, after the same became due and payable, became and is the lawful party plaintiff to bring this action

in the name of the board of county commissioners of said Ellis county, State of Oklahoma."

Defendant then filed a motion for judgment on the pleadings in its favor. The motion was overruled, and the cause was tried to the court, without a jury, resulting in a judgment for plaintiff for the full amount of said warrant, and interest to date of judgment, and defendant appeals.

The first proposition presented is that there is no authority of law for the issuance of a warrant by a school district for the transfer of pupils from such school district to another, and that the warrant sued upon is void ab initio.

Counsel for plaintiff asserts that this question was never raised by defendant and was never presented to the trial court. Defendant did not make this contention in the trial court. Its theory there was that school district No. 39 was the owner of and was a proper party, and the only proper party plaintiff in an action on said warrant. But we consider the question presented, for it goes to the validity of all warrants issued in payment of transfer fees.

Defendant cites section 7063, O. S. 1931, which, after providing for transfer of pupils, reads:

"When the county superintendent authorizes such transfer of children from one district to another, he shall transfer the state, county, and school district funds for such children from the district in which they reside to the district in which they attend school."

And section 7058, O. S. 1931, also provides for transfer of pupils, and states:

"When the county superintendent authorizes such transfer of children from one district to another, he may transfer the state, county and school district funds to such children from the district in which they reside to the district in which they attend school, provided such transfer of funds shall not create a deficit in the funds of the school district, from which the transfer is made."

Both of these sections were repealed by section 17, ch. 13, S. L. 1933. But section 7058, supra, was in force when

the transfers here involved were made, because chapter 13, S. L. 1933 (Senate Bill No. 57), was approved May 6, 1933, and was passed without the emergency, and was not effective until after the close of the fiscal year 1932-33. Counsel for defendant in effect contends that the provisions of sections 7063 and 7058, if both were in effect, were the only authority for the transfer of funds applicable to transfer fees from one school district to another.

Counsel for defendant evidently misconstrues the provisions quoted. The funds there referred to are such and only such funds as the county superintendent may apportion in the first instance under section 5, art. 2, ch. 219, S. L. 1913, 70 Okla. Stat. Ann. § 25. Section 7072, O. S. 1931, was in effect in 1932-33, insofar as it did not offend constitutional provisions, as held in School District No. 85, Kay County, v. School District No. 71, Kay County, 135 Okla. 270, 276 P. 186. That part of the section therein held not in conflict with the Constitution provided:

"The school district board of the district from which pupils have been transferred under the provisions of this act shall at the time they make their annual estimate for tax-levying purposes include therein the amount necessary to pay such transfer fees as may be required."

Clearly that section provides for an estimate, appropriation and levy to take care of transfer fees, if proper financial statements are made. The money thus raised could only be transferred from the district liable for the transfer fees to the district entitled thereto by warrant properly drawn and within an appropriation regularly made for such purpose.

Some of the provisions of chapter 13, S. L. 1933, supra, are cited. But, as stated above, they are not applicable to the case before us because not effective until after the close of the fiscal year 1932-33. The warrant was not void as not being authorized by law.

It is contended that the court erred in overruling defendant's demurrer to the petition, in that there is a variance between allegations of the petition and the warrant.

We take it the defendant contends that the allegation of the petition that "said school board . . . has made no provisions for and has no funds available by which they may pay said warrant" is equivalent to pleading that there was no approved estimate or appropriation upon which to base the warrant. But the petition elsewhere alleges that "said warrant was issued in all respects according to law and within the approved estimate approved by the excise board . . . for the fiscal year ending June 30, 1933. . . ."

It is next contended that the court erred in overruling defendant's motion for judgment on the pleadings. On this point defendant concedes that a motion for judgment on the pleadings is in the nature of a general demurrer. If defendant's demurrer to the petition was not well taken, it follows that there was no error in overruling the motion for judgment on the pleadings, unless something is found in plaintiff's reply so as to show from the pleadings as a whole that plaintiff has not stated a cause of action. The only substantial change brought about by the allegation in the reply is the admission that the petition was in error in alleging that the warrant in question was bought by the county treasurer as an investment of the county's sinking fund, and substitution therefor of allegations that the warrant was received and held by the county treasurer as a part of the sinking fund investment of school district No. 39, and that when received it thereby became Ellis county funds for the purpose of collection and disbursement. Under the rule stated in National Surety Co. v. State, 111 Okla. 185, 239 P. 262, the motion for judgment on the pleadings was properly denied. The rule stated therein answers the contention of defendant herein, that the action was not commenced by the real party in interest and that plaintiff had no right to maintain this action. Therein it is held:

"Sinking funds credited to a school district, in the hands of the county

treasurer, is money belonging to the county, and where the same has been invested in securities by the treasurer, and such securities are unaccounted for by him, action for the value of such securities is properly brought in the name of the state upon relation of the board of county commissioners."

There the action was upon a surety bond running to the state; that accounts for the action being brought in the name of the state upon relation of the board of county commissioners.

In the instant case there is no bond running to the state. The county treasurer is the proper custodian of sinking funds of a school district, other than an independent district. The action was properly brought in the name of the county commissioners upon the relation of the county treasurer. National Surety Co. v. State ex rel., supra.

The remaining contention is that the court erred in overruling defendant's demurrer to plaintiffs' evidence. This is an attempt to raise the question of insufficiency of the evidence. At the close of plaintiffs' evidence in chief, defendant demurred thereto and the court overruled the demurrer. Thereupon, defendant produced its evidence and rested. At the close of all the evidence, defendant did not renew its demurrer.

Under such a record, it is the rule that this court on appeal will not consider the question of insufficiency of the evidence. But it may be here noted that the only failure in evidence relied upon is that there was no evidence in that "the proof wholly fails to show any estimate was made by S. D. (school district) #44 for transfer fees." This was possibly true when plaintiff rested. But if there was a deficiency, defendant cured same by showing that there was an appropriation of $729 for transportation (transfer) fees.

Section 9699, C.O.S. 1921, 68 Okla. Stat. Ann. § 290, among other matters, provides:

"The several items of the estimate as made and approved by the excise board for each fiscal year shall constitute and are hereby declared to be an appropriation of funds for the several and specific purposes named in such estimate, and the appropriations thus made shall not be used for any other fiscal year or purposes whatsoever."

Furthermore, section 12681, O. S. 1931, 68 Okla. Stat. Ann. § 293, provides:

"The term 'appropriation' as used herein is hereby declared to be synonymous with 'estimate made and approved,' as defined in section 3, chapter 80, Session Laws 1911 and the provisions, requirements, limitations and penalty of said chapter 80, Session Laws 1911, are hereby specifically declared to extend to and embrace 'appropriations' as herein defined."

Defendant itself produced evidence to the effect that the certificate of the appropriations for school district No. 44 for the year 1932-33 showed an appropriation of $729 for transportation (transfer) fees. Considering this evidence, together with the fact that defendant failed to renew its demurrer at the close of all the evidence, the contention that the evidence was insufficient cannot be sustained.

It is suggested that because plaintiff sues for $729 principal and $262.45 interest, and because the warrant shows on its face that it bears interest at 6 per cent per annum, the warrant is necessarily in excess of the appropriation, and therefore no interest may be recovered. The difficulty with defendant's suggestion is that the warrant was registered June 30, 1933, the last day of the fiscal year. It did not begin to draw interest until registered. Section 5951, O. S. 1931, 62 Okla. Stat. Ann. § 475. There could be no interest accrued until July 1, 1933, which was the commencement of the next fiscal year. Appropriations for interest for each year after the fiscal year in which the warrant was issued should have been made. The warrant did not exceed the admitted appropriation.

Defendant calls attention to an apparent defect in the judgment. The action is in the name of the Board of County

88

Commissioners ex rel. D. B. Mann, County Treasurer. The judgment is in favor of plaintiff D. B. Mann, as county treasurer. This irregularity does not call for a reversal. The judgment should be and is hereby modified, so as to run in favor of plaintiff, Board of County Commissioners of Ellis County ex rel. D. B. Mann, County Treasurer of Ellis County.

As so modified, the judgment is affirmed.

CORN, V. C. J., and OSBORN, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., and BAYLESS, J., absent.