**PHILLIPS PETROLEUM CO. v. SMITH.**

No. 26412.    Sept. 29, 1936.

R. H. Hudson and H. K. Hudson, for plaintiff in error.

John T. Cooper and Cornelius Hardy, for defendant in error.

RILEY, J. This action was commenced in the superior court of Seminole county by defendant in error, a resident of Pottawatomie county, to recover damages for personal injuries alleged to have been caused by the negligence of plaintiff in error in setting off a charge of dynamite near plaintiff's residence. The alleged cause of action arose in Pottawatomie county.

Plaintiff alleged in her petition that defendant is a foreign corporation authorized to do business in Oklahoma, with its principal place of business in Bartlesvi.le; that said company owned property, both real and personal, in Seminole county and maintained various agents in said county.

Summons was issued directed to the sheriff of Oklahoma county, and by him served by delivery of a true and certified copy thereof to Bruce McClelland, the designated service agent of said company.

Plaintiff in error filed a special appearance and motion to quash service of summons and dismiss for want of jurisdiction. Therein it was alleged that the petition showed upon its face that plaintiff was not a resident of Seminole county; that the entire alleged cause of action arose in Pottawatomie county and not in Seminole county, and that plaintiff's principal place of business is in Bartlesville. The motion then alleged that said defendant company is a corporation organized under the laws of the state of Delaware, and is authorized to do business in Oklahoma and had appointed a service agent residing in Oklahoma county, and that none of the officers or directors of said corporation are residents of Seminole county.

This motion was verified by the affidavit of K. S. Adams, secretary of the corporation. There was no denial that said corporation owned property, both real and personal, in Seminole county, or that it maintained agents in said county.

The motion was overruled, and defendant filed its answer. The cause was tried to a jury, resulting in a verdict and judgment for plaintiff, and defendant appeals.

Three propositions are presented.

Under the first proposition it is contended that sections 115 and 125, O. S. 1931, relative to venue of transitory actions against foreign corporations, violates the "equal protection of the laws" clause of the 14th Amendment to the Constitution of the United States, in that they permit such an action to be brought in the county in which there may be property of or debts owing to such defendant, or where such defendant may be found.

Section 125, O. S. 1931, provides:

"Any foreign corporation, doing business in the state of Oklahoma, and any person now or hereafter having any cause of action against such corporation, arising on contract, tort, or otherwise, may file suit in any county in the state of Oklahoma where the plaintiff resides or where said corporation has its principal place of business, or has property, or in any county where said corporation has an agent appointed upon whom service of summons or other process may be had."

This court had under consideration the provisions of section 125, supra, in Prairie Oil & Gas Co. v. District Court of Grady County, 71 Okla. 32, 174 P. 1056. It was there held that the provisions thereof were not violative of the Constitution of this state. The theory of violation of the "equal protection" clause of the federal Constitution was not presented.

A somewhat similar question was involved in Owens v. Clark, 154 Okla. 108, 6 P. (2d) 755. There the alleged discrimination was as between domestic corporations and individuals. There the provisions of section 202, C. O. S. 1921 (112 O. S. 1931), relative to venue of actions against domestic corporations, were invo'ved. It was there held that the provisions of said section, permitting an action to be brought against a domestic corporation in any county where the cause of action or any part thereof arose without a like provision as to foreign corporations and individuals, do not violate the equal protection clause of the Fourteenth Amendment to the United States Constitution.

In Power Mfg. Co. v. Saunders, 71 L. Ed. 1165, the Supreme Court of the United States held that the statutes permitting a foreign corporation to be sued in any county of the state when it has established its

right to do business therein, whether it does business, or is present or has a representative in the county of suit or not, while suits against domestic corporations and individuals can be brought only in counties where they are found or do business or have a representative, unconstitutionally deprive foreign corporations of equal protection of the laws and conflict with the equal protection clause of the Fourteenth Amendment. But in this state the laws operate alike as to domestic and foreign corporations to the extent that actions may be brought against either in any county where a service agent resides.

A somewhat similar question was involved in Bain Peanut Co. v. Pinson, 282 U. S. 499, 75 L. Ed. 482. There the claim of unequal protection was as between domestic corporations and individuals in similar situations, in that the legislation applicable permitted suits against corporations in any county in which the cause of action arose, while unincorporated concerns or individuals were assumed not subject to a suit outside the county of their domicile in a similar situation. The legislation was upheld. Mr. Justice Holmes, speaking for the court, said:

"The interpretation of constitutional principles must not be too literal. We must remember that the machinery of government would not work if it were not allowed a little play in its joints. In deciding whether a corporation is denied the equal protection of the laws when its creator establishes a more extensive venue for actions against it than are fixed for private citizens, we have to consider, not a geometrical equation between a corporation and a man, but whether the difference does injustice to the class generally, even though it bear hard in some particular case, which is not alleged or proved here."

And:

"The range of the state's discretion is large."

Applying the rule there stated, the inquiry is whether the laws applicable do injustice to foreign corporations as a class generally, and not as to a particular corporation in any given case.

If protection of fundamental rights by equal laws equally administered is afforded, the federal Constitution does not forbid a person to seek a forum as against a foreign corporation from which he might be excluded as against a domestic corporation or an individual. Cincinnati St. Ry. Co. v. Snell. 193 U. S. 30, 48 L. Ed. 604.

However, it may be said section 125 creates a situation much more favorable to foreign corporations than to domestic corporations; in that foreign corporations doing business in this state are permitted to commence an action in any county where it has its principal place of business, or has property, or has an agent appointed upon whom service of summons or other process may be had.

In other words, thereunder any foreign corporation may file suit against any other person or corporation, in the classes of actions therein mentioned, in any county where suits may be commenced under said section against such foreign corporation.

This is a privilege not extended to domestic corporations.

If there be discrimination therein. it must be against the domestic corporation rather than against foreign corporations. Neither of said sections violates the "equal protection" clause of the Fourteenth Amendment to the federal Constitution.

The second proposition is that the court erred in overruling defendant's demurrer to plaintiff's evidence, and in refusing to direct a verdict for defendant at the close of all the evidence. The contention is that, plaintiff having relied upon the allegations in her petition that defendant owned property and maintained agents in Seminole county to sustain her claim of venue in that county, it was incumbent upon her to sustain said allegations by some evidence and that she wholly failed so to do.

In this contention we think there is merit. We have upheld the plaintiff on the question of venue, as presented by the pleadings, but we consider it essential that all necessary allegations as to venue, and put in issue by answer, must be sustained by some evidence. Plaintiff by her petition alleged, and by her evidence proved, that she was a resident of Pottawatomie county, and that her alleged cause of action arose in that county. It is conceded that defendant is a foreign corporation with its principal place of business in Bartlesville, Washington county. She thus alleged and proved a case which would, under the constitutional provisions, have supported venue in Pottawatomie county. Instead of bringing the action in the county of her residence and in which her alleged cause of action arose, for some reason, she chose to bring the action in Seminole county. Her sole dependence for authority so to do was the allegation of ownership of property and maintenance of agents in the latter county. Her

authority so to do was challenged by the special appearance and motion to quash. The challenge was overruled because of the allegations in her petition designed, of course, to bring her case within the provisions of sections 115 and 125, O. S. 1931. These allegations were denied in defendant's answer. She offered no evidence whatever in support of said allegations, although she knew all the time that defendant was contesting her right to maintain the action in Seminole county.

It is clear that she wholly failed to sustain this material allegation by any evidence.

Defendant in error contends that plaintiff in error by coupling with its motion to quash service a motion to dismiss, and after they were overruled filing demurrer and answer, waived the question of venue. In support of this contention she cites Danzinger v. George W. Ralls Co., 144 Okla. 1, 288 P. 975; Jameson v. Harvel, 139 Okla. 39, 280 P. 1080; and Cherokee County Pub. Co. v. Cherokee County, 48 Okla. 722, 151 P. 187.

But these cases do not sustain her contention. The rule therein stated is that where the motion to dismiss is based upon nonjurisdictional grounds, or where nonjurisdictional grounds are joined with jurisdictional grounds, there is a general appearance and the question of venue is waived.

Here there was but one ground relied upon. The motion to dismiss was based wholly upon the same ground as the motion to quash service of summons. Being overruled in said matter, plaintiff in error did not thereafter waive the question by filing subsequent pleadings, motions, etc. Chicago Bldg. & Mfg. Co. v. Pewthers, 10 Okla. 724, 63 P. 964; Guaranty State Bank v. First National Bank, 127 Okla. 292, 260 P. 508; St. L. & S. F. Ry. Co. v. Reed, 59 Okla. 95, 158 P. 399; St. L. & S. F. Ry. Co. v. Clark, 17 Okla. 562, 87 P. 430; Fisher v. Fiske, 96 Okla. 36, 219 P. 683.

The latter case, in principle, sustains the plaintiff in error in its contention that when plaintiff failed to prove her allegations essential to the venue of this case in Seminole county, the demurrer to her evidence should have been sustained. It was there held that, although the action was properly brought against the two nonresident defendants in the first instance, where the jurisdiction of the court over them was challenged by proper motion in due time, when the action failed as to the resident defendant, the action should have been dismissed on motion of the two nonresident defendants.

The third proposition is that the court erred in giving instruction No. 3, defining "negligent" and "negligence" as follows:

"You are further instructed that the term 'negligent' or 'negligence,' as used in these instructions, means that degree of care and caution which an ordinary prudent person would exercise under the same or similar circumstances.

"Granted and exception allowed to defendant.

"C. Guy Cutlip."

This is directly contrary and opposite to the usual definition and contrary to the statutory definition found in section 1783, O. S. 1931. It is difficult to conceive how an error so patent could escape the attention of the trial court and counsel for plaintiff.

The contention is made that under the instructions as a whole the jury could not have been misled by this error in the definition of negligence. But, as the judgment must be reversed under the second proposition, and as the error here complained of will not likely occur at the next trial, we deem it unnecessary to consider the question further.

Judgment reversed and the cause remanded for a new trial.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS and GIBSON, JJ., concur.