### SOUTHWESTERN GREYHOUND LINES v. CRAIG.

No. 28008. May 3, 1938.

Supplemental Opinion May 31, 1938.

Kruse & Edwards, for plaintiff in error.

Hugh Conway, for defendant in error.

PHELPS, J. Ruth Craig, nee Fox, filed suit against the Southwestern Greyhound Lines and the Pennsylvania Greyhound Lines to recover damages for loss of baggage alleged to have occurred through the negligence of defendants' employees. No service was had upon the Pennsylvania Greyhound Lines and the cause proceeded to trial against the Southwestern Greyhound Lines only, resulting in a verdict for plaintiff in the sum of $300.

In her amended petition plaintiff alleged that the defendants were foreign corporations and were common carriers of passengers for hire between Indianapolis, Ind., and Tulsa, Okla.; that such corporations formed a united and continuous line, under the general direction and control of one system. That plaintiff purchased a ticket from the Pennsylvania Greyhound Lines at Indianapolis for transportation of herself and luggage to Enid, Okla., by way of St. Louis, Mo., and Tulsa, Okla. That on the purchase of the ticket plaintiff requested that her baggage be checked through to the point of destination. That instead of checking the baggage it was placed inside the bus in which she was being transported to St. Louis, Mo. That at that point, an employee of defendants took charge of the luggage for the purpose of placing it on the connecting bus of the defendant Southwestern Greyhound Lines. That on arriving at Tulsa, Okla., the baggage was missing and has never been delivered to the plaintiff. That the loss of the baggage was occasioned through the negligence and lack of care of the defendants.

The defendant Southwestern Greyhound Lines entered its special appearance and motion to quash the service of summons, alleging among other things that the court was without jurisdiction of the cause of action or of the defendant, and that the

petition upon its face showed that no part of the alleged cause of action arose in Garfield county. The motion was overruled and the defendant filed a demurrer in which it alleged that the petition did not state a cause of action against the defendant. The demurrer being overruled, the defendant answered alleging that the court was without jurisdiction either of the parties or the subject matter, that the defendant did not have or maintain an office in Garfield county, Okla., and that none of its officers, agents, employees, or any of the managing agents, or any other person representing said defendant, was located in Garfield county, Okla., and that no part of its transportation line passed through or into said county. Further, that the pretended service of summons was had upon an employee in Tulsa county, Okla., and that no service of any kind was had in Garfield county, and that the amended petition on its face disclosed that no part of the cause of action arose in said county.

Defendant further denied generally the allegations in the amended petition and specifically denied any connection with the defendant Pennsylvania Greyhound Lines, and pleaded that such companies were distinct corporations. The defendant further alleged that the plaintiff was at fault in not complying with the rules and regulations of the company and that the loss of luggage, if any, was occasioned wholly through the fault of the plaintiff. Suitable reply was filed by the plaintiff. From the judgment based upon the verdict of a jury, the defendant appeals.

The controlling assignment of error is, whether, under the allegations in the petition and the evidence presented in support thereof, the trial court had jurisdiction to try the issues presented. Under the allegations in the petition, and the proof submitted, it is obvious that the cause is controlled by the provisions of section 13628, O. S. 1931, the same being section 43 of article 9 of the Oklahoma Constitution and section 125, O. S. 1931. Said sections provide that suits against foreign corporations doing business in Oklahoma may, in addition to other places, be maintained in the county where the plaintiff resides.

In the present case it is not contended that the cause of action arose in Garfield county. Service of summons was had upon the alleged agent of the defendant in Tulsa county. In its answer defendant alleged and the proof shows, that no line of defendant extended into Garfield county, Okla.; that defendant had no office, officers, agents,

servants, or employees in said county. Obviously, the cause was intended to be filed in the county where the plaintiff resided. A close examination of the record, however, discloses that neither in the petition nor in the proof is the residence of the plaintiff shown to be in Garfield county. The question presented is whether it is necessary to allege in the petition, or prove on the trial, the residence of the plaintiff.

The petition must contain a statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition. Paragraph 2 of section 198, O. S. 1931.

In Kansas City Southern Ry. Co. v. Wood, County Treas., 126 Okla. 275, 259 P. 262, in the body of the opinion we said:

"* * * In order for a petition to be good against a demurrer, it must allege every necessary fact to entitle the plaintiff to recover, or it will be assumed that the facts do not exist." Citing C., O. & G. Ry. Co. v. Swirtz, 13 Okla. 411, 73 P. 941; Fretz v. City of Edmond, 66 Okla. 262, 168 P. 800.

In Westheimer v. Byrne, 110 Okla. 107, 236 P. 589, in the syllabus we held:

"In construing a pleading challenged by demurrer before trial, nothing will be assumed in favor of the pleader which has not been averred, since the law does not presume that a party's pleadings are less strong than the facts in the case warrant.

"A complaint must be sufficient to entitle plaintiff to recover without evidence in its support, in the absence of a denial.

"Where the petition neither states a cause of action at law nor in equity, a demurrer thereto should be sustained."

In the syllabus in State for Use of Board of Commissioners of Osage County v. McCurdy, 115 Okla. 111, 241 P. 816, we said:

"A demurrer to plaintiff's petition upon the ground that the petition does not state facts sufficient to constitute a cause of action, searches the petition to determine whether the allegations therein contained entitle the plaintiff to any relief."

Bancroft on Code Pleading, Practice and Remedies, vol. 1, page 18, states the rule as follows:

"It is essential, regardless of the mode of expression, that the complaint state all facts necessary to be proved in order to make out a cause of action, and entitle plaintiff to the relief demanded. Liberal statutory rules of construction do not permit a court to read into a pleading a substantial allegation which has been omitted there-

from. Rather, the failure to allege a material fact raises a presumption that it does not exist. The rule is subject to the qualification, recognized in some cases, that objection to the omission of an allegation may not be urged on appeal where the case was tried on the theory that the complaint was sufficient."

W. T. Hughes, in his work on Equity in Procedure, sec. 33a, page 27, uses this language:

"The Codes of Civil Procedure arise from fundamental principles. These principles tend toward unification, simplification and expedition. The genius of the Code is one juridical document, one statement, one forum and one relief. This genius includes the leading ideas of convenience, economy, and simplicity. To attain these ends, the material, certain allegation is required. Also the certain admission or certain denial; also the certain issue (citing cases). These ideas dominate: 1. Pleadings are the juridical means of investing a court with jurisdiction of the subject matter to adjudicate it."

See, also, Sutherland on Code Pleading and Practice, 164.

In 21 R. C. L. 482, the rule is stated as follows:

"And a civil action can be instituted only by the filing of a complaint. This pleading must not only state a complete cause of action against the defendant, but it must also show a right of action in the plaintiff, for if any essential fact is lacking the complaint will go down before a demurrer. It must give a plain and concise statement of the facts constituting the cause of action; and the character of the action is determined by the complaint or declaration without reference to the answer or plea; though it has been held that after verdict all the pleadings may be taken together in determining the cause of action stated. In general, what it is necessary for the plaintiff to prove, it is proper for him to allege, and the allegation must be proven in substance as made; otherwise there is a variance."

On the conclusion of plaintiff's evidence the defendant moved to dismiss the action for the reason that the court was without jurisdiction of the subject matter of the action. The motion being by the court overruled, the defendant demurred to plaintiff's evidence on the grounds that it was wholly insufficient to prove any cause of action against the defendant, and for the further reason that the court was without jurisdiction to hear and determine the cause. Plaintiff's evidence was as devoid of proof as to the residence of the plaintiff as were the allegations in the petition. Insomuch as the allegations in the petition and the proof submitted are concerned, the cause might just as logically have been tried in any one of the remaining 76 counties of the state. The law does not contemplate fixing the venue of an action by a method so uncertain and flirtatious.

"Residence" is a place where one's habitation is fixed without the present purpose of removing therefrom. It is synonymous with the term "domicile." In re Davis' Estate, 171 Okla. 575, 43 P.2d 115. Bancroft's Code Pleading, Practice and Remedies, vol. 2, page 1430. In Davis' Estate, supra, we held:

"Where a decedent was a resident of this state, it is a condition precedent to jurisdiction of a county court in probating his will that his legal residence was in that county on the date of his death." Oklahoma City v. Richardson, 180 Okla. 314, 69 P.2d 334.

In the latter case the plaintiff, in her petition, alleged the absence of administration proceedings upon the estate of her deceased husband, but failed to prove this fact on the trial. We held this omission constituted error, and, in reversing the cause, in the body of the opinion, we said:

"The first assignment of error relates to the failure of the plaintiff to prove that there was no administration upon the estate of her husband. See Whitehead, etc., Co. v. Winton, 107 Okla. 99, 230 P. 509; Alko-Nak Coal Co. v. Barton, 88 Okla. 212, 212 P. 591; and White v. McGee, 157 Okla. 204, 11 P.2d 924. The rule is well established in this state that the surviving wife must (1) allege, and (2) prove, that there is no administration. The plaintiff pleaded this fact. She admits that she did not prove the fact, but argues, first, that the fact is established by inference. We do not agree. Secondly, she says that the court has criticized the rule as being more of shadow than substance. Alko-Nak Coal Co. v. Barton, supra. Likewise, in White v. McGee, supra, we recognized the technical nature of the defense. But, we have nevertheless in each of those cases said that such duty rested upon the plaintiff, and that the rule, however technical, should be applied to a proper case. In our opinion, this case is one calling for its application.

"Argument is made that the objections of the city were indefinite and insufficient to raise the particular objection. This is without merit. It is true a party objecting should be specific and certain (McDonald v. Strawn, 78 Okla. 271, 190 P. 558), but we are further of the opinion that if the trial court is content to rule upon a general de-

murrer to the evidence or motion for directed verdict, without requiring the reasons to be stated, and the other party is likewise content, this court is bound to pass upon any issue in the case which reasonably may be said to be within the scope of the demurrer or motion." See, also, Phillips Petroleum Co. v. Smith, 177 Okla. 539, 61 P.2d 184, 107 A. L. R. 858.

Section 116, O. S. 1931, provides that an action for divorce may be brought in the county of which the plaintiff is an actual resident at the time of filing the petition. We have held that the requirement as to residence under the statute is a jurisdictional fact that must be alleged and proven by the plaintiff and must affirmatively appear in the record. Beach v. Beach, 4 Okla. 359, 46 P. 514; Pope v. Pone, 116 Okla. 188, 243 P. 962. In Howard v. Arkansas, 59 Okla. 206, 158 P. 437, we held:

"The question of jurisdiction is primary and fundamental in every case and cannot be waived by the parties or overlooked by the court. It is the bounden duty of the court to examine into its jurisdiction, whether raised by any party or not, and sua sponte to determine its own jurisdiction." Hamilton v. Browder, 176 Okla. 229, 54 P.2d 1025; Spivey & McGill v. Nixon, 163 Okla. 278, 21 P. 2d 1049, and cases cited therein.

We have examined the authorities presented by the plaintiff to the effect that defendant did not properly raise the question of jurisdiction and sufficiency of the petition in the trial court and therefore is not entitled to raise the question here. We find no fault with the argument or with the authorities cited, but they are inapplicable under the condition of the record before us. The issue was fairly presented in defendant's special appearance and motion to quash the service of summons, in its demurrer to the amended petition, in its answer, in its motion to dismiss at the close of plaintiff's evidence, and in its demurrer to the evidence.

In Dickason v. Dickason, 274 P. 147, the Supreme Court of Montana, in the body of the opinion, used the following language:

"Counsel for plaintiff state that, while the question was 'raised' in the manner stated, it was not argued 'or plainly presented' to the court, and should therefore receive little consideration. The only evidence in the record supporting this statement is that the minutes of the court show that the demurrer 'was submitted without argument.' While a demurrant may be lax in not urging the grounds of his demurrer, the submission nevertheless imposes a duty upon the court to determine the question thus presented, and, if incorrectly determined, the demurrant may take advantage of the error committed." Also, see Oklahoma City v. Richardson, supra.

We conclude that under the record presented in the present case, the statutory and constitutional provisions applicable thereto, the residence of the plaintiff is a material fact to be established on the trial of the cause and that the failure to prove such fact constitutes reversible error.

The record presents other assignments of error, but inasmuch as the case must be reversed for the reason already expressed, it is unnecessary to discuss them here.

The judgment of the trial court is reversed and the cause remanded for such action as may be consistent with the views herein expressed.

BAYLESS, V. C. J., and RILEY, GIBSON, and HURST, JJ., concur.

### Supplemental Opinion.

It has been called to the attention of this court by a proper motion filed that the defendant in error, Ruth Craig, nee Fox, died on March 23, 1938; that an opinion herein was filed by this court in said cause on the 3rd day of May, 1938, after the death of the said Ruth Craig, but after the submission of the cause. We therefore hold that the cause was properly submitted prior to the death of the defendant in error. Under the rule announced by this court in Spencer v. Hamilton, 156 Okla. 194, 13 P.2d 81, and House v. Gragg, 170 Okla. 550, 44 P.2d 832, the opinion is withdrawn and refiled as of March 1, 1938, the date of the submission of the cause.

BAYLESS, V. C. J., and RILEY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur.