CONTINENTAL OIL CO. v. WHEAT.

No. 30580. Dec. 1, 1942.

Rehearing Denied Jan. 19, 1943.

*132 P. 2d 947.*

Robert S. Kerr, A. M. Kerr, Harvey J. Lambert, and Jack T. Conn, all of Ada, for plaintiff in error.

W. V. Stanfield, of Ada, and Sandlin & Balch and W. W. Pryor, all of Holdenville, for defendant in error.

PER CURIAM. .This action was instituted on June 2, 1939, in the county court of Pontotoc county by Buren Wheat, a resident of Coal county, and who will hereafter be referred to as plaintiff, against Continental Oil Company, a foreign corporation, which will hereafter be referred to as defendant, to recover damages upon a cause of action which arose in Coal county.

The plaintiff in his petition merely alleged that defendant was a corporation authorized to do business in Oklahoma; that plaintiff was in possession of certain lands in Coal county which bordered on Coal creek, and that the defendant was the owner of oil and gas leases on said creek and in the vicinity of the lands of plaintiff, and that it had permitted large quantities of salt water to escape from its leases into said creek and to pollute the same, and that in April and May of 1938 plaintiff's livestock drank said polluted water and were injured thereby to plaintiff's damage in the sum of $500, for which amount plaintiff prayed judgment.

Summons directed to the sheriff of *Pontotoc county* was served by the sheriff of *Oklahoma county* upon D. A. Richardson, who resided in the latter county and who was the duly designated agent of the defendant upon whom service of summons and other process might be had.

Defendant filed a verified special appearance in which it challenged the jurisdiction of the court over both its person and the subject matter of the action. In said special appearance absence of necessary venue was specifically called to the attention of the court. The special appearance and objection to the venue was overruled, however, and defendant saved exceptions thereto and then filed a special appearance and motion to quash the summons which had been served on its agent in Oklahoma county. The motion to quash was also overruled notwithstanding the fact that the summons showed on its face that it had been directed to the sheriff of *Pontotoc county* and had been served by the sheriff of *Oklahoma county*. The defendant saved proper exceptions to the action of the court in overruling its motion to quash service of summons. The defendant thereafter filed a motion to make more definite and certain, motion to strike, a demurrer and an answer. Defendant refrained from asking for any affirmative relief other than a dismissal of the action. Trial was had to a jury. Defendant demurred to the evidence of the plaintiff, and when this was overruled moved for a directed ver-

dict at the close of all of the evidence, and when this was overruled saved proper exceptions to the action of the court thereon. The jury returned a cerdict in favor of plaintiff and assessed his recovery at the sum of $380. Motion for new trial was overruled, and defendant has perfected this appeal.

As grounds for reversal defendant assigns 14 specifications of error, which are presented under three propositions. Since it is decisive of this appeal, we consider only the first proposition which reads as follows:

"1. The county court of Pontotoc county is without jurisdiction over the person of the defendant. The venue of the action is not properly in Pontotoc county."

The venue of actions against foreign corporations is fixed by section 43, art. 9, of the Constitution and 18 O. S. 1941 § 471 and 12 O. S. 1941 § 137, and is confined to those counties where either the plaintiff resides, the cause of action arose, the corporation has its principal place of business or has property, or where the corporation has an agent upon whom service of summons or other process may be had.

In the case at bar none of the above conditions were shown to exist at the time the action was instituted in Pontotoc county. The plaintiff produced one witness who testified that in the spring of 1938 the defendant owned property in Pontotoc county, but offered no proof to show that such was the case on June 2, 1939, when the instant case was instituted. Where the venue depends upon proof that a foreign corporation has property in the jurisdiction of the forum, the failure of the plaintiff to make such proof is fatal to the maintenance of his action. Phillips Petroleum Co. v. Smith, 177 Okla. 539, 61 P. 2d 184; Southwestern Greyhound Lines v. Craig, 182 Okla. 610, 80 P. 2d 221.

The contention of the plaintiff that the defendant by its answer sought a dismissal of the action and thereby waived the venue is not tenable. As said in Phillips Petroleum Co. v. Smith, supra:

"Where a defendant appears specially for sole purpose of challenging the right of plaintiff to maintain the action in the county where suit is brought, and moves to quash service of summons and dismiss the action, both upon the same ground, and the court overrules the motion, the defendant may save exceptions, file his answer and proceed to trial without waiving the questions raised in the special appearance."

When it became apparent that the venue of action did not lie in Pontotoc county, the court should have dismissed the action. It is unnecessary to consider the other contentions presented by the defendant.

For the errors above stated, the cause is reversed, with directions to dismiss.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, and GIBSON, JJ., concur. RILEY, HURST, DAVISON, and ARNOLD, JJ., absent.