**Richard C. JONES et al., Plaintiffs in Error,**

v.

**Ethel BURKETT, County Superintendent of Cleveland County, State of Oklahoma, Defendant in Error.**

No. 38441.

Supreme Court of Oklahoma.

Nov. 10, 1959.

Paul W. Updegraff, Norman, for plaintiffs in error.

Luttrell & Luttrell, Norman, for respondents, Charles Schwartz et al.

Hez J. Bussey, County Atty., Cleveland County, Norman, for defendant in error, County Superintendent of Schools.

IRWIN, Justice.

On March 24, 1958, a petition praying that all of Old Liberty School District #3, Cleveland and Oklahoma Counties, be annexed to Choctaw Independent District #4, Oklahoma County, was presented to the County Superintendent of Schools of Cleveland County, Oklahoma. An election was called in response to the petition and on April 8, 1958, the election was conducted under the supervision of the County Superintendent who announced the result as seventeen votes for annexation and seventeen votes against. An order denying annexation was thereupon issued and an appeal was perfected to the District Court of Cleveland County. After a full hearing in the District Court on the 10th day of May, 1958, the trial judge sustained the order of the County Superintendent, from which judgment the appellants have perfected this appeal.

### Contentions

The appellants contend the trial court erred in denying annexing for the reason Carl Mansell was ineligible to vote because he was not a registered voter under the general election laws of Oklahoma; that he was not a qualified voter because he had not been a resident of the State of Oklahoma for one year next preceding the election; that after his vote was challenged he was permitted to make an affidavit and vote and he voted against annexation.

### Issues

The issues determinative of this action are the eligibility and qualification of Carl Mansell to vote in the school district election, and we must resolve; (1) Is registration under the general election laws of Oklahoma a prerequisite for eligibility to

vote in a school district election? (2) Was Carl Mansell qualified to vote in the school district election?

### Evidence

The County Superintendent testified she conducted the election on April 8th, 1958. She identified two lists of voters both containing the name of Carl Mansell and identified the affidavit Carl Mansell made when his vote was challenged. Vera Burnett, Clerk of the Cleveland County Election Board, testified her records did not disclose Carl Mansell as a registered voter in precinct #36 which includes Old Liberty School District.

Carl Mansell testified that after his marriage in July, 1953, he and his wife rented the Whitfield place which is in Old Liberty School District, bought furniture and moved in; that they resided there until the place was sold; that they stored part of their furniture with Charley Davis, across the road from the Whitfield place, and moved in with Mr. and Mrs. Stinnett, his wife's parents, who lived in the school district, where they had a room to themselves, furnished with their own bedroom furniture, bed linens and towels. That they also took with them the dishes and cooking utensils which were used by both families. That in the latter part of 1956 he obtained employment in Wichita, Kansas, with Boeing Aircraft Co. and later with Beech Aircraft Co., where he was classified as a temporary employee and worked there until the fall of 1957. That his wife was with him part of the time in Wichita and rest of the time was at the Stinnett place. That during the time he worked in Wichita, he came home every week with the possible exception of three; that they brought their clothes home and laundered them; that he owned a car when he started to work in Wichita and bought another one while working there; that both cars carried Oklahoma license plates and his driver's license was issued by the State of Oklahoma. That the Stinnett place was maintained at all times as his mailing address and that he did not leave a forwarding address as his stay in Kansas was only temporary.

Mrs V. L. Stinnett's testimony supported that of Carl Mansell. Three other witnesses testified they saw Carl at the Stinnett place during the week-ends and Charley Davis in addition to seeing Carl at different times testified he was keeping part of Carl's furniture for him.

### Conclusion

Title 26 O.S.1951 §§ 71 and 72, were enacted in 1916. Sec. 71, defined "elections" to mean "every * * * election held in this state, or in any county, city, town, township, *school district*, or precinct * * *." Sec. 72, prescribed the necessity of registering and provided, " * * * no elector shall be permitted to vote at any election unless he shall register as herein provided * * *." By enactment of Senate Bill No. 260, (S.L.1957, pages 172–179), effective May 25, 1957, Sec's. 71 and 72, supra, were repealed and a new act relating to registration and voting became effective. Title 26 O.S.1957 Supp. § 93.2, defines "elections" to mean "every * * * election held in this State, or any county, city, town, township or precinct * * *", the words "school district" were not included. The 1957 Act also provided that nothing contained herein shall amend, repeal or alter certain laws. Included in the laws which would not be repealed or altered is Title 26 O.S.1957 Supp. § 101e. This section relates to persons entitled to register and vote and provides " * * * From and after January 1, 1938, no person shall be permitted to vote at any election unless he shall have been registered under the provisions of this Act; *provided, that the provisions of this Act shall not apply to school district elections or require electors to be registered to* vote in any school district elections. * * *"

Title 70 O.S.1951 § 1–15, prescribes the qualifications of electors in school district elections. This section provides:

"A school district elector, qualified to vote in any school district election, is any person who has resided in the

district for at least thirty (30) days and who possesses the qualifications of electors as defined by the Constitution and Laws of the State. *No person shall be required to be registered in order to* vote in any school or school district election, except as provided by Senate Bill No. 185 of the 19th Oklahoma Legislature."

(Senate Bill No. 185 was special legislation applying only to Independent School Districts containing a city of more than 100,000 population and not in excess of 200,000 and was repealed in 1957, S.L.1957, p. 684.)

■ We therefore hold that it was not necessary for Carl Mansell to be a registered voter under the general election laws of Oklahoma, and if he were a qualified elector as prescribed by the Constitution and the laws of the State, he would be eligible to vote in the school district election.

The qualifications of an elector as prescribed by Art. 3, Sec. 1, of the Constitution, in so far as applicable to the case at bar, are:

"Qualified electors of this State shall be citizens * * * who have resided in the State one year, in the county six months, and in the election precinct thirty days next preceding the election at which such elector offers to vote. * * *."

In determining Carl Mansell's qualifications as an elector, we will review the applicable law with respect to establishing and maintaining a residence.

■ Residence is defined as the place where one's habitation is fixed without the present purpose of removing therefrom. It is synonymous with "Domicile". Southwestern Greyhound Lines v. Craig, 182 Okl. 610, 80 P.2d 221. An individual must have a residence somewhere, and when once established, it is presumed to continue until a new one is established; and an individual can have but one domicile or residence at a time. Richardson v. Gregg, 144 Okl. 102, 290 P. 190.

■ To effect a change of residence or domicile, there must be an actual abandonment of the first domicile, coupled with an intention not to return to it, and there must be a new domicile acquired by actual residence in another place or jurisdiction, with the intention of making the last acquired residence a permanent home. Youngblood v. Rector, 126 Okl. 210, 259 P. 579.

Since the evidence is undisputed that Carl Mansell established his residence in the school district in 1953, he would continue to have such residence and be eligible to vote in the school election unless such residence was abandoned as contended by appellants.

■ Although Carl Mansell's employment took him outside the state, he did not necessarily abandon his residence in the school district, as temporary absence with continuous intent to return will not deprive one of his residence even though it is over a period of time. Anthis v. Drew, 123 Okl. 18, 252 P. 11. There inheres in the judgment of the trial court dismissing the appeal a finding that Carl Mansell had established and not abandoned his residence and that he had resided in the State of Oklahoma for more than one year, in Cleveland County more than six months and in the school district and election precinct for more than thirty days prior to the election. The question of fact of residence is for the determination of a jury or trial court, and such determination is conclusive upon appeal unless clearly against the weight of the evidence. Burke v. Burke, 119 Okl. 254, 249 P. 1110.

■ From an examination of the entire record we conclude the trial court's determination of residence is not clearly against the weight of the evidence and the judgment of the trial court is affirmed.

Affirmed.

DAVIDSON, C. J., WILLIAMS, V. C. J., and HALLEY, JOHNSON, BLACKBIRD, JACKSON and BERRY, JJ., concur.