STUDENTS AND FACULTY — UNIVERSITY OWNED HOUSING LEGAL RESIDENCE FOR VOTING PURPOSES Both faculty members and students at the University of Oklahoma, whether living in University owned housing situated within the annexed area of the City of Norman or private housing situated within the annexed area of the City of Norman, may register and vote in Norman City elections, county, state and federal elections if their legal residence is where they are living and if they are otherwise qualified electors. Both faculty members and students living in University owned housing not situated within the annexed area of the City of Norman, may not vote in Norman City elections; but, if they are qualified electors who have established their residence where they are living they may register and vote in county, state and federal elections. The Attorney General has had under consideration your recent letters wherein, in effect, you ask: 1. May a member of the faculty or a student attending the University of Oklahoma, living in University owned housing situated within the annexed area of the City of Norman, register and vote in Norman city elections; county, state, and federal elections? 2. May a member of the faculty or a student attending the University of Oklahoma, living in privately owned housing situated within the annexed area of the City of Norman, register and vote in Norman City elections; county, state, and federal elections. 3. May a member of the faculty or a student attending the University of Oklahoma, living in University owned housing not situated within the annexed area of the City of Norman, register and vote in Norman City elections; county, state and federal elections? In order to answer these questions it is helpful to review various constitutional, statutory and charter provisions. Article III, Section 1 Oklahoma Constitution, provides in pertinent part: "Qualified electors of this state shall be citizens of the United States, citizens of the state, including persons of Indian descent (native of the United States), who are over the age of twenty-one years and have resided in the state at least six months, in the county two months, and in the election precinct twenty days next preceding the election at which such elector offers to vote." (Emphasis added). Article III, Section 6 Oklahoma Constitution, provides in pertinent part: "In all elections by the people the vote shall be by ballot and the Legislature shall provide the kind of ticket or ballot to be used and make all such other regulations as may be necessary to detect and punish fraud, and preserve the purity of the ballot; and may, when necessary, provide by law for the registration of electors throughout the State or in any incorporated city or town thereof, and when it is so provided, no person shall vote at any election unless he shall have registered according to law." Title 26 O.S. 93.1 [26-93.1] (1961), provides: "Every person who shall possess all the qualifications of an elector, as defined in Section 1 of Article III of the State Constitution, shall be entitled to register under the provisions of this act as an elector of the precinct in which he is entitled to vote, and upon so registering shall receive an identification card certifying such registration. In addition, any person who will become a qualified elector in any precinct before the next ensuing election to be held in said precinct shall be entitled to be registered under the provisions of this act during the last thirty (30) days of registration preceding the close of registration ten (10) days before the next ensuing election at which the elector will be qualified to vote" (Emphasis added) Title 26 O.S. 93.2 [26-93.2] (1961), provides: "The word "Elections" as used in this Act is here declared to mean every general, primary, runoff primary, regular or special election held in this State, or in any county, city, town, township or precinct for the nomination or election of Federal State, district, county, municipal or township officers or upon any issue submitted to the people of the State or any municipality or subdivision of the State." Title 26 O.S. 25 [26-25] (1961), provides in pertinent part: "It shall be the duty of the County Election Board to create, alter, divide and discontinue voting precincts, whether in cities, towns or in the country, as in their judgment is best and proper . . . provided, that the territory of the voting precinct may extend beyond the boundary lines of incorporated towns or cities, if the county election board deems it advisable; provided, that in voting precincts which extend beyond the boundary lines of incorporated towns or cities in municipal elections, only those voters residing within the incorporated limits of the town or city shall be permitted to vote. (Emphasis added). Article II, Section 7 and Article II, Section 8 of the Amended Charter of the City of Norman, Oklahoma, provide: "In either primary or general election provided for hereunder, only such persons resident of the City of Norman, shall be qualified to vote as electors therein as are qualified and registered under the general Statutes of Oklahoma, provided for the qualifications and registration of electors." "All elections within the City of Norman shall be held at the polling places designated under the general election laws." (Emphasis added) Therefore it is apparent that if a person is a citizen of the United States and of Oklahoma, is over twenty one years of age, has resided in Oklahoma at least six months next preceding the election, has resided in the county two months next preceding the election, and has resided in the precinct twenty days next preceding the election, he is a qualified elector to vote in that election (as defined in Section 93.2, supra). However, before the "elector" may vote, he must first register as an elector of the precinct in which he is entitled to vote. If he resides within the incorporated limits of a town or city, he may vote in the elections of that town or city even though part of the precinct within which he resides may extend outside the incorporated limits of said town or city. If he does not reside within the incorporated limits of the town or city, he may not vote in the elections of that town or city even though the precinct within which he resides may extend into the incorporated limits of said town or city. Article III, Section 1 Oklahoma Constitution, supra, refers to "resided"; 26 O.S. 25 [26-25] (1961), supra, uses "residing" and the Amended Charter of the City of Norman, supra, refers to the term "resident." In determining when a particular person becomes an elector eligible to vote in a particular election, we will review the applicable law with respect to establishing and maintaining a residence. In the second paragraph of its syllabus the Supreme Court of Oklahoma, In Jones v. Burkett, Okl., 346 P.2d 338 (1959), a case involving eligibility to vote in a school district election, stated in part: "Residence is a place where one's habitation is fixed without the present purpose of removing therefrom and the intention of a person as to his residence or domicile is a question of fact." A general rule for determining a voter's place of residence has been set out by the Oklahoma Supreme Court. In Stevens v. Union Graded School Dist. No. 2, 136 Okl. 10, 275 P. 1056 (1929), the Court quoted with approval from 9 R.C.L. 1031, as follows: "The meaning of the term 'residence' for voting purposes, as used in a state constitution, cannot be made a matter of legislative construction, it is purely a judicial question, and while general rules and definitions as to its meaning may be laid down by the courts, there can be no absolute criterion by which to determine where a person actually resides. Each case must depend on its particular facts or circumstances. Three rules are, however, well established: First, that a man must have a residence or domicile somewhere; second, that where once established, it remains until a new one is acquired; and third, a man can have but one domicile at a time. While bodily presence ordinarily is essential in effecting a domicile in the first instance, it is not necessarily essential to its continuance, the most important factor being the intent to establish a new domicile, coupled with acts evincing such intent. Temporary absence for purposes of business, pleasure, or otherwise does not result in a loss of residence." From the above cited authorities it appears that the answer to when a person becomes a "resident" for voting purposes involves a question of fact and each case depends upon its own particular fact situation. The answer is largely determined by the acts and intentions of the particular person desiring to vote. Therefore, in answer to your first and second questions, it is the opinion of the Attorney General that both faculty members and students at the University of Oklahoma whether living in University owned housing situated within the annexed area of the City of Norman, or private housing situated within the annexed area of the City of Norman, may register and vote in Norman city elections, county, state and federal elections if their legal residence is where they are living and if they are otherwise qualified electors. In answer to your third question, it is the opinion of the Attorney General that both faculty members and students at the University of Oklahoma living in University owned housing not situated within the annexed area of the City of Norman, may not vote in Norman City elections; but, if they are qualified electors who have established their residence where they are living they may register and vote in county, state and federal elections. This opinion does not attempt to cover qualifications to vote in elections where payment of ad valorem taxes is made a prerequisite to the exercise of the vote. (William M. Bonnell)