RESIDENCE OF COLLEGE STUDENTS — VOTING PURPOSES Eighteen-year-old students may register in the community where they attend college and vote in city, county, State and Federal elections if their legal residence is where they attend college and if they are otherwise qualified electors. The Attorney General has had under consideration your recent letter wherein, in effect, you ask: "Whether an 18 year-old student may register in the community where they attend college and vote in city, county, state and Federal elections." Senate Concurrent Resolution No. 1 passed by the Extraordinary Session of the 33rd Legislature ratified the 26th Amendment to the Constitution of the United States. The Amendment provides: "Section One. The right of citizens of the United States, who are eighteen years of age or older, to vote shall not be denied or abridged by the United States or by any State on account of age. "Section Two. The Congress shall have power to enforce this Article by appropriate legislation." The 26th Amendment to the Constitution of the United States has been ratified by the required three-fourths of the fifty states and became effective on June 30, 1971. Since this Amendment has become effective it has impliedly repealed any part of the Constitution of the State of Oklahoma or laws of the State of Oklahoma which are in conflict with the Amendment. Article III, Section 1
Oklahoma Constitution, provides in pertinent part: "Qualified electors of this State shall be citizens of the United States, citizens of the State, including persons of Indian descent (natives of the United States), who are over the age of twenty one and have resided in the State at least six months, in the county two months and the election precinct twenty days next preceding the election at which such elector offers to vote." (Emphasis added) Article III, Section 1 Oklahoma Constitution, is now interpreted to mean, that the persons who are eighteen years of age and qualified electors, as provided by said Section 1, may now register and vote. Article III, Section 6 Oklahoma Constitution, provides in pertinent part: "In all elections by the people the vote shall be by ballot and the Legislature shall provide the kind of ticket or ballot to be used and make all such regulations as may be necessary to detect and punish fraud, and preserve the purity of the ballot; and may, when necessary, provide by law for the registration of electors throughout the State or in any incorporated city or town thereof, and when it is so provided, no person shall vote at any election unless he shall have registered according to the law." Title 26 O.S. 93.1 [26-93.1] (1961) provides: "Every person who shall possess all the qualifications of an elector, as defined in Section One of Article III of the State Constitution shall be entitled to register under the provisions of this act as an elector of the precinct in which he is entitled to vote, and upon so registering shall receive an identification card certifying such registration. In addition, any person who will become a qualified elector in any precinct before the next ensuing election to be held in said precinct shall be entitled to register under the provisions of this act during the last thirty (30) days of registration preceding the close of registration ten (10) days before the next ensuing election at which time the elector shall be qualified to vote." Title 26 O.S. 93.2 [26-93.2] (1961) provides: "The word `election' as used in this Act is here declared to mean every general, primary, runoff primary, regular or special elections held in this State, or in any county, city, town, township or precinct for the nomination or election of Federal, State, district, county, municipal or township officers or upon any issue submitted to the people of the State or any municipality or sub-division of this State." Attorney General's Opinion 70-168 considered the eligibility of students at the University of Oklahoma to register and vote in city, county, State and Federal elections, applying the then existing requirement that citizens of the State be twenty-one (21) years of age to be eligible to be qualified electors. The discussion in Attorney General's Opinion 70-168 of the applicable law with respect to establishing and maintaining a residence applies to your question. The Opinion quotes from the second paragraph of the syllabus of Jones v. Burkett,346 P.2d 338, (1959) as follows: "Residency is a place where one's habitation is fixed without the present purpose of removing therefrom and the intention of a person as to his residence or domicile is a question of fact; . . ." The general rule for determining a voter's place of residence set out by the Oklahoma Supreme Court in Stevens v. Union Graded School District No. 2, 136 Okl. 10, 275 P. 1056
(1929), was also quoted in the Opinion as follows: "The meaning of the term residence for voting purposes, as used in a State Constitution, cannot be made a matter of legislative construction, it is purely a judicial question, and while general rules and definitions as to its meaning may be laid down by the courts, there can be no absolute criteria by which to determine where a person actually resides. Each case must depend on its particular facts or circumstances. Three rules are, however, well established: First, that a man must have a residence or domicile somewhere; second, that where once established, it remains until a new one is acquired; and third, a man can have but one domicile at a time. While bodily presence ordinarily is essential in effecting a domicile in the first instance, it is not necessarily essential to its continuance, the most important factor being the intent to establish a new domicile, coupled with acts evidencing such intent. Temporary absence for purposes of business, pleasure, or otherwise does not result in a loss of residence." Attorney General's Opinion 70-168 further states: "From the above cited authorities it appears that the answer to when a person becomes a `resident' for voting purposes involves a question of fact and each case depends upon its own particular fact situation. The answer is largely determined by the acts and intentions of the particular person desiring to vote." This statement is applicable to eighteen-year-old college students as well as all other persons in determining whether they are qualified electors. The Attorney General reaffirms Attorney General's Opinion 70-168, except to extend it to now apply to all college students eighteen years of age or older. It is, therefore, the opinion of the Attorney General that eighteen year-old students may register in the community where they attend college and vote in city, county, State and Federal elections if their legal residence is where they attend college and if they are otherwise qualified electors. (Marvin C. Emerson)