OPINION OF THE COURT
On the 7th day of March, 2003, this matter comes on as regularly scheduled for hearing and is properly before this Court pursuant to Title 26 CNCA § 37 as amended by LA 7-97.
I. STATEMENT OF THE CASE
The Petitioner/Appellant Harold De-Moss appeals from an adverse ruling of the Cherokee Nation Election Commission on February 27, 2003, pursuant to a protest and challenge filed before the Commission by Respondent/Appellee Kellye Prout. The protest of Prout asked the Commission to declare that Mr. DeMoss was not a qualified candidate for the office of council member in the 7th District of the Cherokee Nation because his place of residence within that District was a motor home which did not meet the definition of a bona fide permanent residence at Title 26 CNCA § 34(A), to-wit: “Residence is synonymous with the term domicile or abode and means a place where the candidate has a true, fixed and permanent home, and to which, whenever absent, there is the intention of returning.” The Commission duly “considered the claim, received testimony and exhibits, and found that the motor home parked at the address endorsed by the candidate Harold DeMoss at 30707 AS. 4240 Road, Inola, Ok 74036, is not a ‘fixed and permanent’ residence as defined in Legislative Act No. 7-97, Title 26, Chapter 4, Section 34(A).” Accordingly, the candidacy was denied and Mr. De-Moss has brought timely appeal before this Court.
II.FINDINGS OF FACT
The Petitioner has placed a motor home on a tract in Rogers County and within the district for which he seeks election. He testified that he does not own the tract and *50 does not pay rental on it. The Petitioner presented testimony from witnesses who had been at his motor home from time to time. The witnesses testified as to the presence of utilities, furnishings and amenities consistent with an occupied dwelling. The Petitioner testified that he has lived on the present tract for approximately three (3) years and receives his mail there. The motor home is hooked up to electricity and telephone. The water and septic system are self-contained. Petitioner stated that the motor home is his place of residence and that he stays there “most of the time”. Within the requisite 270 day residency period required for: candidates, he admitted to sporadic overnight trips in his capacity with the Council and on other business, and to having stayed with his family in Tahlequah for a number of nights. He admitted to having property in Tahlequah and to building a house for his daughter there. He advised that he does not claim homestead exemption on any property. The evidence was that the motor home had been driven off of the property on one occasion within the residency timeframe.
The Appellee Prout testified that she had been to the property where the motor home was kept. She restated her belief that the motor home was not a fixed and permanent residence. The Court received and reviewed photographs indicating that the motor home was parked in what appeared to be an open field and hooked to electrical service. The motor home was not tied down, skirted or on foundation.
III. CONCLUSIONS OF LAW
This Court has jurisdiction to review any decision of the Cherokee Nation Election Commission pursuant to 26 C.N.C.A § 37 (LA 7-97). Unlike appeals of other agency decisions, Title 26 affords no statutory deference to the decisions of the Election Commission. In fact, the statute expressly permits parties to “present testimony of witnesses and other evidence, as well as legal arguments.” § 37(d). Because the introduction of evidence is not limited to the record below, the Court will review such appeals de novo.
The legal issue presented is whether Appellant DeMoss meets the residency requirement set forth in § 33(B):
“The candidate shall have established a bona fide permanent residence in the district for which he or she is a candidate no less than 270 days immediately preceding the day of the general primary election in which he or she is seeking office.”
The term “residence” is statutorily defined as being “synonymous with the term domicile or abode and means a place where the candidate has a true, fixed and permanent home, and to which, whenever absent, there is the intention of returning.” § 34(A). Appellee Prout contends that Appellant’s motor home is not a “a true, fixed and permanent home” as contemplated in the Cherokee Nation election laws.
Title 26 is silent as to the type of structures that may be considered a “residence.” Nothing in Title 26 specifically excludes motor homes, trailers, or other removable structures as serving as a candidate’s residence. The residency requirement is, however, clearly defined to be synonymous with legal term “domicile” which, consistent with the statutory definition, requires a candidate to have a legal residence with the permanent intent.
The residency requirement is a relatively new phenomenon to modern Cherokee law and there is no controlling Cherokee case law that speaks to the issue of domicile. However, the laws of several other jurisdictions clearly define residency *51 and domicile and serve as persuasive authority. A person’s domicile is the place where he has a true, fixed and permanent home and principal establishment to which, when absent, he intends to return. Suglove v. OTC, 605 P.2d 1315 (Ok.1979). A person may only have one domicile at a time. Jones v. Burkett, 346 P.2d 338, 341 (Ok.1959). A domicile, once fixed, is presumed to continue until a new one is established. Comptroller of Treasury v. Lenderking, 268 Md. 613, 303 A.2d 402, 405 (1973).
The weight of the evidence presented did not suggest that Appellant had abandoned his motor home in Rogers County for another home or domicile. Evidence was produced that he sometimes stays overnight in Tahlequah with his mother and that Appellant is building a home for the use of his daughter. No evidence was presented to suggest that his mother’s home or the home under construction was Appellant’s domicile or residence.
 Actions that indicate a change in domicile are found in the habits of a person, as contemplated in the Cherokee election law. As a means of verifying residence, an individual may produce evidence such as driver’s license, utility bills, and voter’s registration. 26 C.N.C.A. § 34(B). Such verification is not conclusive, but goes to the weight of the evidence of an individual’s intent to make a particular home or abode their “true, fixed and permanent” residence. Appellant provided testimony that his actual residence is consistent with such documentation.
Appellee’s case primarily focused on the nature of Appellant’s residence, particularly, the undisputed fact that Appellant’s motor home can and has been driven off the Rogers county property. The fact that the motor home is on wheels and not physically and permanently anchored to the land is not dispositive to the question of residence and domicile. The residency requirement does not require that an abode be permanently adjoined to the land by a foundation or other means. The words “fixed and permanent home” do not require a home to be “permanently affixed” to the ground. The terms “fixed and permanent” go to the intent to make that home a permanent legal residence or domicile.
In the course of an election dispute, the courts of the state of Texas questioned whether certain voters who live in Recreational Vehicles (R V) could meet the residency and registration requirements under the state election code. Speights v. Willis, 88 S.W.3d 817 (Tex.App.2002). Under the Texas Election code, like the Cherokee law, “residence” means domicile, or one’s home and fixed place of habitation to which one intends to return after any temporary absence. The challenged voters lived in R V s and traveled extensively around the country, but sometimes returned to the RV park in Texas where they received mail and were registered to vote. The election was upheld even though it was shown that a substantial number of the voters lived in R V s frequently absent from the address listed on their voter’s registration.
Although this Court by no means adopts as liberal interpretation of “residence” as might be implied by the Texas decision, the Speights opinion reinforces the notion that residency depends on the circumstances surrounding each individual. In Speights, as in the case at hand, the evidence established that it is possible for an RV owner to have an established residency where the RV is routinely parked based on the owner’s actions, decisions and intentions to have established a residence. The question of residency will always be an individualized inquiry that considers the *52 circumstances, volition, intention and actions of the individual in question.
It is undisputed that Appellant DeMoss owns a motor home which is very routinely parked at a consistent location in Rogers County. The evidence showed that the only time the motor home has been moved in the preceding 270 days was for a two night stay in Tahlequah during the Cherokee Holiday. It is also undisputed that the motor home has been used for brief vacations at other times prior to last 270 days. The important factor for purposes of residency and domicile is that, on every occasion, the motor home is returned to the same location and reconnected to electric and telephone service. Such action is indicative of Appellant’s intent to return to the permanent location which he maintains as his domicile, or legal residence.
This Court holds that Appellant DeMoss meets the residency requirements by virtue of his motor home residence in Rogers County. IT IS THEREFORE ORDERED that the decision of the Cherokee Nation Election Commission of February 27, 2003, denying the candidacy of Harold DeMoss for the office of council member for the 7th district, is hereby REVERSED with instructions to include Appellant De-Moss on the ballot as an eligible candidate.